MANOR *v.* DONAHOO.

CANDLER, J. It appearing that the plaintiff was detained by virtue of a criminal warrant which was prima facie legal, and that he was repeatedly given an opportunity to have a commitment trial before the magistrate who issued the warrant, which he expressly declined ; and the point made upon the legality of the detention going merely to the informality of the commitment under which the plaintiff was held, the court below did not err in denying the writ of habeas corpus. Penal Code, § 926.

*Judgment affirmed. By five Justices.*

Argued February 16,— Decided March 13, 1903.

Petition for habeas corpus.    Before Judge Reece.    City court of Floyd county.    December 9, 1902.

Manor was imprisoned in the county jail, under a criminal warrant, and, in the fourth week of his imprisonment and after a commitment had been issued against him by the justice of the peace who had issued the warrant, he sued out a writ of habeas corpus, alleging in his petition that he had demanded and had been refused a hearing on the charge made in the warrant, and that further restraint of his liberty would be illegal.    The answer set up that a hearing had been waived.    There was evidence that at dif-

ferent times while he was in jail the petitioner had been asked by the officer who arrested him if he wanted a trial, and that he replied that he did not want a trial, but wanted to ·settle the case against him; and that the officer reported this to the magistrate who had issued the warrant, and the magistrate then issued the commitment. There was no formal waiver of trial. Counsel for the prisoner, after the commitment had been issued, requested the magistrate to give the prisoner a preliminary hearing, but the magistrate replied that the right to a preliminary hearing had been waived, and that he would have to refuse the request. The writ of habeas corpus was denied, and the petitioner excepted.

*Lipscomb & Willingham*, for plaintiff.

*George A. H. Harris*, for defendant.