## SHIRAH v. BOYD, sheriff.

FISH, C. J.  On March 4, 1917, a warrant was issued against J. O. Shirah, based on an affidavit charging a bailable felony. The defendant was arrested and put in jail. At the next term of the court, which convened on the first Monday in April, an indictment was returned, charging the accused with the felony, and duly filed on April 4, 1917. On April 12, while the accused was urging a written demand for trial, upon motion of the solicitor-general an order of nolle prosequi was entered upon the indictment; and on the same day a second warrant was issued, based on an affidavit of a different prosecutor, but charging the same offense; and the defendant was arrested under the second warrant. He remained in jail until the July term. At that term, before the jury was discharged, the accused petitioned the court for a trial; upon which the judge entered a written order reciting that, there being no indictment pending, there could be no trial. After the adjournment of the term, no bill of indictment having been returned against him at such term, the defendant applied for a discharge under the writ of habeas corpus. The judge, on evidence as indicated above, refused to discharge the accused, but ordered that he be carried before a committing magistrate for a trial, at the same time assessing bond in the sum of $300, the original bond being in the sum of $2000. *Held,* that the detention of the accused was lawful, and there was no error in refusing to discharge him under the writ of habeas corpus.

*Judgment affirmed.  All the Justices concur, except*

BECK, P. J., and GEORGE, J., dissenting. We are of the opinion that the applicant should have been discharged. He was incarcerated on March 4, 1917. He did not demand a commitment trial, but elected to abide the action of the grand jury. The grand jury, at the April term, 1917, indicted the applicant, and he, at the same term, petitioned the court to be brought to his trial. The undisputed facts show that he was not discharged from custody, but that his incarceration was continued under a new warrant until the next succeeding term of the court. At the succeeding term of the court he was not indicted. He again petitioned the court to be brought to his trial, and after the adjournment of the court asked for his discharge. See *State* v. *Maurignos, T. U. P. Charlton,* 24. The case cited is not binding, but is highly persuasive. *Wanet* v. *Corbet,* 13 *Ga.* 441, 442.

No. 556.  JULY 11, 1918.

Habeas corpus.  Before Judge Thomas.  Colquitt superior court. March 4, 1918.

*Erle B. Askew,* for plaintiff.

*Fondren Mitchell, solicitor-general,* for defendant.