20567.   JOHNSON *v.* PLUNKETT, Sheriff, *et al.*

HAWKINS, Justice.   Nathaniel Johnson brought his petition for habeas corpus against the Sheriff and Jailer of Richmond County, Georgia, alleging: that his restraint and detention by them was in violation of Article 5 of the Constitution of the United States (Code § 1-805), which provides that no person shall be held to answer for a capital, or otherwise infamous, crime unless on a presentment or indictment of a grand jury, except under specified conditions not applicable here, and that no person shall be deprived of life, liberty, or property without due process of law; that petitioner was arrested and is being detained in violation of Art. 1, Sec. 1, Par. 3 of the

Constitution of Georgia (Code, Ann., § 2-103), which provides that no person shall be deprived of life, liberty, or property, except by due process of law, and in violation of Ga. L. 1956, p. 796, which provides that every officer arresting under a warrant shall exercise reasonable diligence, and in any event within 72 hours, to bring the person arrested before a committing officer authorized to examine, commit, or receive bail (Code, Ann., § 27-210), and that in every case of an arrest without a warrant the person arresting shall without delay convey the offender before the most convenient officer authorized to receive an affidavit and issue a warrant, that no such imprisonment shall be legal beyond a reasonable time allowed for this purpose, and any person who is not conveyed before such officer within 48 hours shall be released. Code (Ann.) § 27-212. *Held:*

1. The Fifth Amendment to the Federal Constitution (Code § 1-805) applies only to proceedings in Federal courts, and does not govern, regulate, or have application to proceedings in State courts. *Atterberry* v. *State,* 212 *Ga.* 778, 780 (3a) (95 S. E. 2d 787).

2. The record in this case shows that the petitioner was arrested without a warrant between 6 and 7 a.m., on January 27, 1959, and that, about 8:40 a.m. the same day, he was formally arrested under a warrant sworn out by the husband of the alleged injured party, in accordance with the requirements of Code (Ann.) § 27-212, at which time he executed a written waiver of a commitment hearing, which he was authorized by law to do. Code §§ 27-419, 102-106; *Manor* v. *Donahoo,* 117 *Ga.* 304 (43 S. E. 719) ; *Bradford* v. *Mills,* 208 *Ga.* 198 (66 S. E. 2d 58).

3. Notwithstanding the waiver by petitioner of a commitment hearing, one was offered to him at 10 a.m., on January 29, 1959, approximately 49 hours after the arrest under a warrant, thereby complying with the 72-hour provision of Code (Ann.) § 27-210, which hearing was continued until January 30, 1959, at the request of petitioner in order that his family might employ counsel; and before a hearing could be had on that date, because of the presence of the witnesses before the grand jury, the grand jury on that date returned an indictment against petitioner, charging him with rape, upon which a bench warrant was duly issued, thereby eliminating the necessity for the committal hearing.

4. The petition for habeas corpus attacks the legality of petitioner's arrest and detention prior to indictment. The petition was not filed until after indictment, and the matter was not heard until after trial and conviction on the criminal charge made by the indictment. The only question on habeas corpus is the legality of the detention at the time of the hearing. *Richardson* v. *Hall*, 199 *Ga.* 602, 605 (34 S. E. 2d 888); *Mullennix* v. *Balkcom*, 213 *Ga.* 490 (99 S. E. 2d 832); Carlson *v.* Landon, 342 U. S. 524, 546 (72 S. Ct. 525, 96 L. Ed. 547).

5. Any defect or irregularity in the prior arrest or imprisonment of the petitioner, even if there were such, would in no wise affect the jurisdiction of the court trying him; and the record disclosing that the petitioner has been indicted, tried, convicted, and sentenced for the offense of rape, and that he was being detained by reason of such conviction and sentence, the trial court did not err in remanding petitioner to the custody of respondents, and in denying the writ of habeas corpus. Code § 50-116; *Reid* v. *Perkerson*, 207 *Ga.* 27 (3) (60 S. E. 2d 151); *Joiner* v. *State*, 66 *Ga. App.* 106 (17 S. E. 2d 101); Frisbie *v.* Collins, 342 U. S. 519 (72 S. Ct. 509, 96 L. Ed. 541).

*Judgment affirmed. All the Justices concur.*

ARGUED SEPTEMBER 14, 1959—DECIDED OCTOBER 9, 1959.

*R. William Barton,* for plaintiff in error.

*George Hains, Solicitor-General, Eugene Cook, Attorney-General, E. Freeman Leverett, Assistant Attorney-General,* contra.