### 26646.   STYNCHCOMBE v. HARDY.

ARGUED SEPTEMBER 15, 1971—DECIDED OCTOBER 7, 1971.

*Lewis R. Slaton, District Attorney, Carter Goode, Joel M. Feldman,* for appellant.

*Austin E. Catts,* for appellee.

NICHOLS, Justice. 1. The sole question to be decided in the habeas corpus proceeding was whether the confinement of the prisoner was legal at the time of the hearing. See *Johnson v. Plunkett,* 215 Ga. 353 (5) (110 SE2d 745), and citations; *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329); *Evans v. Perkins,* 225 Ga. 48 (4) (165 SE2d 652). Habeas corpus proceedings cannot be used to test the legality of possible future imprisonment. See *Crumley v. Head,* 225 Ga. 246 (1) (167 SE2d 651).

In *Williamson v. State,* 1 Ga. App. 657 (57 SE 1079), it was held: "1. Where a person is arrested on a warrant charging him with bastardy, and, upon an investigation by a justice of the peace, is required to give the bond provided for in the Penal Code, § 1250 [§ 74-303], and, upon failure to give such bond, is bound over to appear before a court of competent jurisdiction to answer to the charge of bastardy, there is no charge or case against the defendant until an accusation, indictment, or presentment is preferred. 2. Consequently a person so bound for his appearance can not, as a matter of right, demand a trial or a discharge; an order entered on the minutes allowing such demand is a nullity, and it is not error to refuse at the succeeding term to grant an order discharging him."

In State v. Maurignos, T. U. P. Charlton 24, it was said that under the habeas corpus Act, 31 Carolus 2, Ch. 2, Sec. 7, which was adopted by our Constitution and laws enacted a person committed for felony could upon demand require indictment and trial at no later than the second term. In *Shirah v. Boyd,* 148 Ga. 263 (96 SE 337), a majority of the

court refused to follow the superior court decision supra, and held that no demand could be made for trial prior to indictment.

"Referring to the effect of a demand for trial in the case of *Denny v. State,* 6 Ga. 491, Nisbet, J., said, in the opinion, that 'Our Penal Code protects defendants from vexatious and oppressive delays, whilst, at the same time, the rights of the prosecution are guarded. By entry of the demand upon the minutes of the court, the State is notified of the defendant's intention to proceed to a trial, or be discharged, at a subsequent term. It can not be taken by surprise, for in all cases it has six months' notice.'" *Stripland v. State,* 115 Ga. 578, 581 (41 SE 987). While the terms in all counties are not now held at six month intervals, yet the reason for the rule still applies—the protection of the accused and the protection of the prosecution.

The General Assembly, further recognizing the need to protect both the accused and the prosecution, enacted *Code* § 50-117: "If the party shall be detained upon a criminal charge, and it shall appear to the court that there is probable cause for his detention, he shall not be discharged for any defect in the affidavit, warrant, or commitment, until a reasonable time shall have been given to the prosecutor to remedy the defect by a new proceeding."

*Code* § 27-1802 (Ga. L. 1971, p. 460) now provides for directed verdicts of not guilty in criminal cases, yet prior to such enactment verdicts of not guilty have been directed in criminal cases, but, inasmuch as the State could not appeal such a ruling, no review of the correctness of such a judgment has ever been possible, (see *State v. Gossett,* 214 Ga. 840, 108 SE2d 272), nor does the Act of 1971 provide for the review of such a directed verdict. However, such a situation does not permit the pardoning of a prisoner either prior to indictment or after conviction. See *Neal v. State,* 104 Ga. 509 (30 SE 858).

In the recent case of *Almand v. Brock,* 227 Ga. 586 (182 SE2d 97), it was held that a writ of prohibition would not lie to prevent a grand jury from doing its duty. *Code*

§ 59-304 provides: "Grand jurors are bound only to notice or make presentments of such offenses as may or shall come to their knowledge or observation after they shall have been sworn; nevertheless they have the right and power, and it is their duty as jurors to make presentments of any violations of the laws which they may know to have been committed at any previous time, which are not barred by the statute of limitations." The judgment in the present case prohibiting the future prosecution of the prisoner was in effect a writ of prohibition which was not authorized as to either the grand jury or the district attorney. That part of the judgment barring any future prosecution of the prisoner was error.

*Judgment reversed. All the Justices concur.*