### 26947. SMITH v. BROWN.

UNDERCOFLER, Justice. James Smith filed an application for the writ of habeas corpus contending that his imprisonment is illegal for stated reasons. The record shows that he was convicted of aggravated assault and sentenced to nine years in prison. His petition alleges that he wanted to appeal his case and so advised his counsel; that his "court-appointed attorney" did not make proper motions and objections and gave him bad advice; that he was denied the right to counsel at a critical stage; that there was a coerced confession; that he was denied a preliminary hearing; that the grand jury which indicted him was illegally constituted; that he had a "blue-ribbon jury" and that he had ineffective assistance of counsel at the time of his trial.

At the hearing the petitioner testified that the evidence adduced at the trial did not support his conviction; that his counsel was ineffective and did not satisfactorily represent him; and that there was no confession introduced in evidence at his trial. The evidence shows that he was

represented at the trial by employed counsel. The respondent offered in evidence a letter which the petitioner identified as being in his own handwriting and which requested his employed counsel to withdraw the appeal of his criminal conviction. The respondent also offered in evidence a certified copy of the trial transcript. The warden testified that the petitioner was being held under a nine-year sentence for aggravated assault from Sumter County, Georgia. This was all the material evidence presented. The trial court made the following findings: "(1) That the petitioner had retained counsel at his trial and not court-appointed counsel; (2) that the petitioner requested his counsel to terminate the appeal on his behalf; (3) that a review of the trial transcript shows that the counsel competently and aggressively represented the petitioner during his trial; (4) that there was no confession introduced during the criminal trial; and (5) that there was no evidence of an illegally constituted grand jury or a 'blue ribbon jury' as alleged." The trial court concluded from these findings that the petitioner offered no evidence in support of the allegations of his petition; that the respondent showed that the petitioner was not denied his right to appeal; and that the petitioner was not deprived of effective assistance of counsel.

"Upon the trial of the case there existed a presumption in favor of the conviction or judgment thereof unreversed, and that the decision of the court convicting him was well founded (*Code* § 38-114; *Stanforth v. Balkcom,* 217 Ga. 816 (125 SE2d 505)), and the burden of overcoming this presumption in a habeas corpus proceeding is upon the prisoner. *Gay v. Balkcom,* 219 Ga. 554 (134 SE2d 600); *Dutton v. Parker,* 222 Ga. 532 (150 SE2d 833))." *Dutton v. Morris,* 222 Ga. 595 (1) (151 SE2d 125).

The holding of a commitment hearing is not a requisite to a trial for the commission of a felony. *Code* § 27-407 recites that it "is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court com-

petent to try him; and whenever such probable cause exists, it is the duty of the court to commit." *Holmes v. State*, 224 Ga. 553 (163 SE2d 803); *Cannon v. Grimes*, 223 Ga. 35 (153 SE2d 445).

*Judgment affirmed. All the Justices concur.*
SUBMITTED JANUARY 10, 1972—DECIDED JANUARY 19, 1972.

James Smith, *pro se.*

*Arthur K. Bolton, Attorney General, Harold N. Hill, Jr., Executive Assistant Attorney General, Courtney Wilder Stanton, William F. Bartee, Jr., Assistant Attorneys General,* for appellee.