## 28710. HUNT v. HOPPER.

NICHOLS, Presiding Justice.

On May 24, 1972 John Thomas Hunt was convicted of armed robbery and sentenced to 15 years imprisonment. On December 14, 1972 that conviction was affirmed by this court. *Hunt v. State,* 229 Ga. 869 (195 SE2d 31). Thereafter the present petition for a writ of habeas corpus was filed. While numerous questions were raised in such petition as originally filed, all but two questions were abandoned prior to the trial court's judgment. The two questions presented to the trial court for decision and to this court on review are whether the conviction must be set aside because counsel was not appointed to represent him (1) prior to a pre-indictment line-up and (2) prior to a preliminary hearing at which he was bound over to the grand jury. *Held:*

1. The failure to appoint counsel to represent the prisoner prior to a pre-indictment line-up which took place prior to the prisoner's commitment hearing did not invalidate the prisoner's conviction. See *Hunt v. State,* 229 Ga. 869, supra; *Hicks v. Caldwell,* 231 Ga. 575 (203 SE2d 212), and cits.

2. A commitment hearing was held shortly after the prisoner's arrest and the record, including exhibits introduced by the prisoner, make it doubtful as to whether he was represented by counsel. In the case of *Phillips v. Stynchcombe,* 231 Ga. 430, 432 (202 SE2d 26), it was held: "We know that cross examination of the

state's witnesses at a commitment hearing often results in an accused obtaining valuable information for trial of the case. However, it should be remembered that the purpose of a commitment hearing is to authorize the keeping in custody of one accused with probable cause of committing a crime until the grand jury determines whether he should stand trial. See Code § 27-407; *Cannon v. Grimes,* 223 Ga. 35, 36 (153 SE2d 445); *Smith v. Brown,* 228 Ga. 584, 585 [187 SE2d 142].

"The federal courts share the view which we take. They hold that an accused has no constitutional right to a preliminary hearing. See Dillard v. Bomar, 342 F2d 789, 790 (6 Cir.); Woods v. Texas, 404 F2d 332 (5 Cir.).

"The appellant did not raise this issue upon his criminal trial or appeal. He does not allege here and nothing in the record shows that he asked for and was denied a commitment hearing prior to his indictment by the grand jury. Since he had been indicted, tried and convicted, however, no useful purpose could now be served by remanding his case for a finding as to whether there was a commitment hearing. This fact does not affect the legality of his present detention, which is the only issue in a habeas corpus hearing. *Johnson v. Plunkett,* 215 Ga. 353 (5) (110 SE2d 745); *Ballard v. Smith,* 225 Ga. 416 (4) (169 SE2d 329); *Thrash v. Caldwell,* 229 Ga. 585 (1) [193 SE2d 605]."

Accordingly, where a commitment hearing was held, assuming but not deciding that he was not represented by counsel, the question is whether the prisoner was harmed. See Chapman v. California, 386 U. S. 18 (87 SC 1283, 17 LE2d 705).

As a result of the commitment hearing the prisoner was released on bond. The only testimony adduced at such hearing was the fact of an armed robbery and an identification of the prisoner by one victim.

The trial transcript, attached as an exhibit in the case sub judice, disclosed that the witness' testimony on the trial of the case did not differ from that adduced on the commitment hearing as related upon the habeas corpus hearing.

The cross examination of such witness on the trial disclosed a knowledge, on the part of the attorney who

represented the prisoner, of the commitment hearing and the witness' testimony there. The prisoner, not the state, brought to the attention of the jury the fact of the commitment hearing identification. Thus, the habeas corpus court was authorized to find that any failure to appoint counsel for the prisoner prior to the commitment hearing was not harmful, as the prisoner made no statement and the identification of the prisoner was based on observations during the armed robbery.

As was held in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387), the failure to provide counsel to represent a prisoner at a pre-indictment commitment hearing only requires a new trial to be granted in a post conviction appeal raising such issue where the failure to provide for counsel was harmful to the prisoner.

The failure to appoint counsel in the present case was not shown to be harmful to the prisoner, and the judgment remanding the prisoner to custody was not erroneous.

*Judgment affirmed. All the Justices concur.*

ARGUED MARCH 11, 1974 — DECIDED APRIL 4, 1974.

*Millard C. Farmer, Jr., Steven E. Fanning,* for appellant.

*Arthur K. Bolton, Attorney General, William F. Bartee, Jr., David J. Bailey, Assistant Attorneys General,* for appellee.