## 29901. THE STATE v. HOUSTON.

NICHOLS, Chief Justice.

Certiorari was granted in this case to review the holding of the Court of Appeals in *State v. Houston,* 134 Ga. App. 36 (213 SE2d 139). On July 23, 1974, Otis Willie Houston was indicted for the offense of robbery. Prior to indictment, on July 15, 1974, a preliminary hearing was held and as a result thereof, the defendant was bound over to the grand jury.

The decision of the Court of Appeals states (Hn. 2): "The simple issue presented is whether the right to counsel extends to the accused at the preliminary hearing. Stated another way, the issue is whether the preliminary hearing is a 'critical stage' so as to entitle the accused to the right to counsel." The opinion thereafter is based on the proposition that any preliminary hearing without counsel voids a subsequent indictment.

This case does not involve an unlawful waiver of the commitment hearing as did *Manor v. State,* 221 Ga. 866 (148 SE2d 305). Nor does this case involve the failure to hold a commitment hearing as was the situation in *Phillips v. Stynchcombe,* 231 Ga. 430 (202 SE2d 26). On the contrary, this case involves the question of whether a commitment hearing is a critical stage of a criminal proceeding, the effect of holding a commitment hearing where the defendant is not represented by counsel and whether an accused may waive the right to counsel at such a commitment hearing.

The decision of the Court of Appeals properly held that a defendant may competently and intelligently waive a constitutional right of counsel.

In *Phillips,* supra, it was held: "The holding of a commitment hearing is not a requisite to a trial for commission of a felony . . . We know that cross examination of the state's witnesses at a commitment

hearing often results in an accused obtaining valuable information for trial of the case. However, it should be remembered that the purpose of a commitment hearing is to authorize the keeping in custody of one accused with probable cause of committing a crime until the grand jury determines whether he should stand trial. See Code § 27-407; *Cannon v. Grimes,* 223 Ga. 35, 36 (153 SE2d 445); *Smith v. Brown,* 228 Ga. 584, 585 [187 SE2d 142]."

Code § 27-210 requires that every officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before a magistrate for hearing within 72 hours of arrest, and Code § 27-212 requires that those arrested without a warrant be formally charged within 48 hours after arrest.

In Gerstein v. Pugh, —— U. S. —— (95 SC 854, 43 LE2d 54), the Supreme Court held: "[W]e do not imply that the accused is entitled to judicial oversight or review of the decision to prosecute. Instead, we adhere to the court's prior holding that a judicial hearing is not prerequisite to prosecution by information. Beck v. Washington, 369 U. S. 541, 545 (82 SC 955, 8 LE2d 98) (1962); Lem Woon v. Oregon, 229 U. S. 586 (33 SC 783, 57 LE 1340) (1913). Nor do we retreat from the established rule that illegal arrest or detention does not void a subsequent conviction. Frisbie v. Collins, 342 U. S. 519 (72 SC 509, 96 LE 541) (1952); Ker v. Illinois, 119 U. S. 436 (7 SC 225, 30 LE 421) (1886). Thus, as the Court of Appeals [Fifth Circuit] noted below, although a suspect who is presently detained may challenge the probable cause for that confinement, a conviction will not be vacated on the ground that the defendant was detained pending trial without a determination of probable cause. 483 F2d, at 786-787. Compare Scarbrough v. Dutton, 393 F2d 6 (CA5 1968), with Brown v. Fauntleroy, —— U. S. App. D. C. ——, 442 F2d 838 (1971), and Cooley v. Stone, —— U. S. App. D. C. ——, 414 F2d 1213 (1969)." 43 LE2d 68.

Thus, there is no material difference in the prior holdings of this court and the recent decision of the Supreme Court in Gerstein v. Pugh, supra. See also *Jones v. State,* 232 Ga. 771, 775 (208 SE2d 825), and cits.

The Supreme Court then held in Gerstein that under Florida procedure the probable cause hearing was not a

critical phase in the prosecution that would require appointed counsel. The distinctions between Florida's procedure and that of Alabama, dealt with in Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387), was then dealt with. It was held: "In Coleman v. Alabama, where the court held that a preliminary hearing was a critical stage of an Alabama prosecution, the majority and concurring opinions identified two critical factors that distinguish the Alabama preliminary hearing from the probable cause determination required by the Fourth Amendment. First, under Alabama law the function of the preliminary hearing was to determine whether the evidence justified charging the suspect with an offense. A finding of no probable cause could mean that he would not be tried at all. The Fourth Amendment probable cause determination is addressed only to pretrial custody. To be sure, pretrial custody may affect to some extent the defendant's ability to assist in preparation of his defense, but this does not present the high probability of substantial harm identified as controlling in Wade and Coleman. Second, Alabama allowed the suspect to confront and cross examine prosecution witnesses at the preliminary hearing. The court noted that the suspect's defense on the merits could be compromised if he had no legal assistance for exploring or preserving the witnesses' testimony. This consideration does not apply when the prosecution is not required to produce witnesses for cross examination." 43 LE2d 70.

A comparison of the above holding with Chapter 27-4 of the Georgia Code, as amended, requires a holding that in Georgia a commitment hearing is a critical stage of the criminal proceedings and that the defendant is entitled to counsel.

The failure to provide counsel, however, does not void further proceedings in the case and, as was held in Coleman v. Alabama, supra (p. 10), "[O]n the record it cannot be said whether or not petitioners were otherwise prejudiced by the absence of counsel at the preliminary hearing . . . The test to be applied is whether the denial of counsel at the preliminary hearing was harmless error . . . We accordingly vacate the petitioner's convictions and remand the case to the Alabama courts for such

proceedings not inconsistent with this opinion as they may deem appropriate to determine whether such denial of counsel was harmless error . . . and therefore whether the conviction should be reinstated or a new trial ordered."

The effect of a void "probable cause" hearing is to make the detention under such hearing illegal. Under decisions exemplified by *Stynchcombe v. Hardy,* 228 Ga. 130 (184 SE2d 356), the legality of such confinement may be tested by habeas corpus petition. Such illegal confinement, however, will not preclude action by the grand jury.

Accordingly, it is now well settled that illegal detention (without a valid probable cause hearing) does not preclude indictment by the grand jury. It is equally well settled that an illegal arrest or detention does not void a subsequent conviction, and that the failure to provide counsel at a probable cause hearing may not be raised after conviction by petitioners for writ of habeas corpus.

This case, for the first time, raises the question of whether a defendant can be placed on trial after indictment where counsel was not appointed on the probable cause hearing without providing the defendant with a second probable cause hearing.

As was held in Coleman v. Alabama, supra, it is only where harmful error has occurred during the trial that a conviction will be set aside. In the present case there has been no trial and accordingly, no harm could be demonstrated at the pretrial hearing of the defendant's motion.

That part of the judgment of the Court of Appeals which holds that a preliminary hearing is a critical stage in the criminal prosecution in Georgia is affirmed; however, that part of the judgment of the Court of Appeals which affirmed the judgment of the trial court quashing the indictment and requiring a second commitment hearing is reversed.

*Judgment affirmed in part and reversed in part. All the Justices concur, except Undercofler, P. J., Jordan and Hall, JJ., who dissent.*

ARGUED JUNE 10, 1975 — DECIDED JULY 2, 1975.

*Lewis R. Slaton, District Attorney, R. David Petersen, Gordon H. Miller, Assistant District Attorneys,* for appellant.

*B. L. Spruell,* for appellee.

INGRAM, Justice, concurring.

I fully agree with the majority's conclusion that a preliminary hearing is a critical stage of a criminal proceeding in Georgia and that the defendant is entitled to counsel at that hearing unless there is a waiver. The difficulty I have with the majority opinion is that it authorizes the prosecution of the case to go forward without pointing out the serious risk of reversal that may result if there is a conviction.

The majority opinion does acknowledge that the failure to provide counsel to an indigent defendant, where there is no waiver, will require a new trial if the absence of counsel causes harm to the defendant. See, also, *Hunt v. Hopper,* 232 Ga. 53, 55 (205 SE2d 303). I would add that there is always a very real possibility, where counsel has been denied at a preliminary hearing, for prejudice to ensue in the conduct of the defense at a subsequent trial. See *Hightower v. State,* 135 Ga. App. 92, 93.

If the denial of counsel at a preliminary hearing causes prejudice to the defendant at a subsequent trial, resulting in conviction, I believe a reversal is required. My conclusion is grounded upon the reasoning of Coleman v. Alabama, 399 U. S. 1, and the Georgia Commitment Statutes. A preliminary hearing is an adversary proceeding and "the guiding hand of counsel" is one of the basic ingredients of any fair adversary hearing. To permit retained counsel but deny appointed counsel at a preliminary hearing results in unequal protection of the law.

Therefore, the appendage I would add to the majority opinion is simply this admonition: Why run the risk of a subsequent reversal by proceeding with the trial of this case in its present posture? If there is a conviction, the defendant needs only to show that his defense was prejudiced by the denial of counsel to him at the

preliminary hearing but this built-in possibility of reversible error can be avoided by furnishing a preliminary hearing with counsel when there is no waiver of a preliminary hearing or counsel.

I am authorized to state that Justice Gunter and Justice Hill join in this concurrence.

UNDERCOFLER, Presiding Justice, dissenting.

The question here is whether Georgia's statute providing for a preliminary hearing is a critical stage of a criminal prosecution. Code Ann. § 27-401 et seq. If it is, counsel must be appointed for an indigent accused. Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387).

The nature of the preliminary hearing determines whether it is a critical stage. If it is a limited non-adversary proceeding, it is not a critical stage. Gerstein v. Pugh, — U. S. — (95 SC 854, 43 LE2d 54) states, "Because of its limited function and its nonadversary character, the probable cause determination is not a 'critical stage' in the prosecution that would require appointed counsel . . . In Coleman v. Alabama, where the court held that a preliminary hearing was a critical stage of an Alabama prosecution, the majority and concurring opinions identified two critical factors that distinguish the Alabama preliminary hearing from the probable cause determination required by the Fourth Amendment. First, under Alabama law the function of the preliminary hearing was to determine whether the evidence justified charging the suspect with an offense . . . Second, Alabama allowed the suspect to confront and cross examine prosecution witnesses at the preliminary hearing." 43 LE2d 70.

The Alabama code provides, "The magistrate before whom any person is brought, charged with a public offense, must, as soon as may be, examine the complainant and the witnesses for the prosecution on oath, in the presence of the defendant; and after the testimony for the prosecution is heard, the witnesses for the defendant must be sworn and examined." Code of Alabama, Title 15, § 133. "It shall be the duty of the magistrate to examine all witnesses having any know-

ledge of any facts relevant to such investigation, whether such witnesses were summoned in behalf of the state or the defendant." Code of Alabama, Title 15, § 138. "If upon the whole evidence it appears to the magistrate that no offense has been committed, or that there is no probable cause for charging the defendant therewith, he must be discharged." Code of Alabama, Title 15, § 139. Coleman v. Alabama, supra, held: "... that the Alabama preliminary hearing is a 'critical stage' of the state's criminal process at which the accused is 'as much entitled to such aid (of counsel) ... as at the trial itself.'" 399 U. S. 10. As stated in Gerstein v. Pugh, supra, "A full preliminary hearing of this sort is modeled after the procedure used in many states to determine whether the evidence justified going to trial under an information or presenting the case to a grand jury. See Coleman v. Alabama, 399 U. S. 1 (90 SC 1999, 26 LE2d 387) (1970) ... The standard of proof required of the prosecution is usually referred to as 'probable cause,' but in some jurisdictions it may approach a prima facie case of guilt. . . When the hearing takes this form, adversary proceedings are customarily employed. The importance of the issue to both the state and the accused justifies the presentation of witnesses and full exploration of their testimony on cross examination. This kind of hearing also requires appointment of counsel for indigent defendants. Coleman v. Alabama, supra. And, as the hearing assumes increased importance and the procedures become more complex, the likelihood that it can be held promptly after arrest diminishes ... These adversary safeguards are not essential for the probable cause determination required by the Fourth Amendment. The sole issue is whether there is probable cause for detaining the arrested person pending further proceedings. This issue can be determined reliably without an adversary hearing. The standard is the same as that for arrest. That standard — probable cause to believe the suspect has committed a crime — traditionally has been decided by a magistrate in a nonadversary proceeding on hearsay and written testimony, and the court has approved these informal modes of proof." 43 LE2d 68.

In my opinion Georgia's preliminary hearing in criminal proceeding is a traditional limited nonadversary

proceeding. The statute only requires the magistrate to hear, ". . . all legal evidence submitted by either party . . ." Code Ann. § 27-405 (Ga. L. 1962, pp. 453, 454; 1973, pp. 292, 293). "The duty of the court of inquiry is simply to determine whether there is sufficient reason to suspect the guilt of the accused, to require him to appear and answer before the court competent to try him; and whenever such probable cause exists, it is the duty of the court to commit." Code Ann. § 27-407. I note that Code Ann. § 27-403 provides, ". . . in no event shall the defendant be forced to trial without the aid of counsel, if there be a reasonable probability of his securing counsel without too great delay." In my opinion this refers to retained counsel. It does not elevate the hearing to an adversary proceeding requiring the appointment of counsel for indigents. This construction comports with the holdings of this court that: ". . . the purpose of a commitment hearing is to authorize the keeping in custody of one accused with probable cause of committing a crime until the grand jury determines whether he should stand trial." *Hunt v. Hopper,* 232 Ga. 53 (2) (205 SE2d 303); *Jackson v. State,* 225 Ga. 39, 42 (165 SE2d 711). The federal courts have acknowledged that a preliminary hearing in Georgia is not a critical stage. Ardister v. Smith, 433 F2d 931 (5th Cir., 1970); Donlavy v. Smith, 426 F2d 800, 801 (5th Cir., 1970); Worts v. Dutton, 395 F2d 341, 342 (5th Cir., 1968).

The majority ruling here that Georgia's preliminary hearing is a "critical stage" departs from Georgia's traditional concept of the proceeding and further taxes the already overburdened district attorneys and criminal courts. As noted in Gerstein v. Pugh, supra, footnote 23, "Criminal justice is already overburdened by the volume of cases and the complexities of our system. The processing of misdemeanors, in particular, and the early stages of prosecution generally are marked by delays that can seriously affect the quality of justice. A constitutional doctrine requiring adversary hearings for all persons detained pending trial could exacerbate the problem of pretrial delay."

All that is required to satisfy Fourth Amendment rights on a preliminary hearing is " . . . a fair and reliable

determination of probable cause as a condition for any significant pretrial restraint on liberty, and this determination must be made by a judicial officer either before or promptly after arrest." Gerstein v. Pugh, 43 LE2d 71, supra. In my opinion that is all the Georgia statute contemplates.

I am authorized to state that Justice Jordan and Justice Hall join in this dissent.