## 30422. CASTEEL v. THE STATE.

GUNTER, Justice.

This appeal is from a conviction for armed robbery.

Appellant was arrested and was not accorded a commitment hearing; two separate indictments were thereafter returned against him by the grand jury on charges of armed robbery and aggravated assault; appellant filed a motion for bail, a motion to quash the indictments on the ground that he had not been accorded a commitment hearing, and he also filed an application for a writ of habeas corpus on the ground that he had not been accorded a commitment hearing; before the hearing was held on the habeas corpus writ, the district attorney dismissed both indictments, and appellant was immediately accorded a commitment hearing at which he was represented by counsel; appellant was then bound over to the next grand jury, that grand jury indicted him for armed robbery, he entered a plea of not guilty, and he was tried and convicted by a jury; and appellant now contends that his conviction should be set aside because of denial of bail, denial of his application for a writ of habeas corpus, and denial of a timely commitment hearing.

It is clear from the facts stated above that the motions

and application filed in court on behalf of appellant precipitated a commitment hearing that was immediately accorded to him. After his commitment hearing, at which he was represented by counsel, appellant was again indicted by a grand jury. With the assistance of counsel he then pleaded not guilty and stood trial. Under this state of facts the appellant was not denied any statutory or constitutional right, and the first three errors enumerated in this court are without merit.

The fourth enumerated error complains that the trial judge committed error in overruling appellant's motion for a directed verdict of acquittal. A review of the evidence substantiates the conviction, and this enumerated error is without merit.

The fifth enumerated error complains that an incriminating statement made by appellant to officers after his arrest was not freely and voluntarily made, and that testimony by the officers with respect to such statement should have been rejected by the trial court. The record shows that a Jackson-Denno hearing was held by the trial judge outside the presence of the jury. The evidence submitted at that hearing was ample to support the trial judge's finding that the statement was freely and voluntarily given. See *Johnson v. State,* 233 Ga. 58 (209 SE2d 629) (1974), and *High v. State,* 233 Ga. 153 (210 SE2d 673) (1974). This enumerated error is without merit.

The sixth enumerated error contending that evidence was admitted in violation of the highest and best evidence rule is frivolous and without merit.

We find no error.

*Judgment affirmed. All the Justices concur.*

SUBMITTED OCTOBER 15, 1975 — DECIDED JANUARY 6, 1976.

*Oliver & Walters, William I. Sykes, Jr.,* for appellant.

*Jeff C. Wayne, District Attorney, Roland H. Stroberg, Assistant District Attorney, Arthur K. Bolton, Attorney General, Julius C. Daugherty, Jr., Staff Assistant Attorney General,* for appellee.