34395. CHAFIN v. JONES.

HILL, Justice.

Joseph Byron Chafin was arrested April 2, 1978, on four warrants charging him with two murders and two armed robberies. Following a commitment hearing May 4 and 5, at which time petitioner was represented by counsel, he was bound over to the Superior Court of Glynn County. On July 14, bail was set at $100,000 ($30,000 for each murder and $20,000 for each armed robbery).

On September 13, Chafin filed a petition for habeas corpus challenging his detention on the ground that the failure of the January and May grand juries to indict him in effect constituted the return of two "no bills," barring his being tried (Code Ann. § 27-702), and thus mandating his release. He does not contend that a "no bill" was in fact returned by either grand jury. His habeas petition was heard September 20 and was denied October 9. Petitioner was subsequently indicted on October 25, 1978, by the September grand jury.

Petitioner was arrested while the January grand jury was in session and following a preliminary hearing in May he was bound over on May 5. The May grand jury convened May 8. His petition for habeas corpus was denied while the September grand jury was in session. At the habeas hearing the district attorney did not undertake to reestablish probable cause for continuing to hold the petitioner for trial and to justify the delay in presenting this matter to the grand jury. Whether or not the trial judge erred in not ordering petitioner's release (see *Stynchcombe v. Hardy*, 228 Ga. 130 (184 SE2d 356) (1971)), the prayers of the petition seeking release became moot on October 25, 1978, when petitioner was indicted by the grand jury. His detention since that time has been authorized by the indictment.

No denial of speedy trial has been shown on this record (see *Harris v. Hopper*, 236 Ga. 389, 390 (224 SE2d 1) (1976)), and the amount of bail has not been shown to be excessive. We are aware of no decision holding that an indigent defendant is entitled to have bail set which he can meet. Petitioner's other enumeration of error need not be considered in view of our determination that the principal relief sought has become moot (see above).

*Judgment affirmed. All the Justices concur.*

SUBMITTED JANUARY 5, 1979 — DECIDED MARCH 7, 1979.

*James V. Pleasants,* for appellant.
*Glenn Thomas, Jr., District Attorney,* for appellee.