## 41224. WATTS et al. v. PITTS et al.
### (322 SE2d 252)

HILL, Chief Justice.

The sole question raised by this pretrial habeas corpus appeal is whether there is a right to a commitment hearing for the purpose of determining probable cause for the restraint of liberty which results from arrest and release upon the posting of a $300 appearance bond pending trial. The facts of the case are undisputed.

On February 15, 1984, deputy sheriff W. O. Densmore executed the following affidavit before a notary public (the solicitor's secretary): "Before me personally appeared the undersigned as prosecutor, W. O. Densmore, who being duly sworn, deposes and says that from the best of his knowledge and belief, Bill Watts and Karri Pulliam did, on the 21st day of January, 1984, in the County of Habersham and the State of Georgia, commit the offense of misdemeanor, for that they did knowingly furnish malt beverages to Chris Mangum, a person under 19 years of age." The affidavit does not show that it was based upon information personally known to the prosecutor. The solicitor of the State Court of Habersham County immediately prepared an accusation, based on this affidavit, charging Watts and Pulliam with the offense of furnishing malt beverages to a person under 19 years of age. Solely on the basis of this accusation, also on February 15, 1984, the state court judge issued bench warrants for the arrest of Watts and Pulliam.[1]

On February 17, 1984, having been informed that warrants for their arrest had been issued, Watts and Pulliam accompanied by their counsel, surrendered. At that time their attorney filed written demands for preliminary hearings. The deputy sheriff on duty when the accuseds turned themselves in testified that, according to custom, he did not take them before the judge and told them that they could not have a commitment hearing because the solicitor had told him there would not be any. He also testified that he was prepared to put them in jail if they did not post bond. Their attorney testified that his oral

---

[1] Although appellants contend that the issuance of a bench warrant is appropriate only where a person is accused of a crime by a grand jury, see OCGA § 17-7-90, the question raised on appeal is that stated above.

request for a bond returnable to a commitment hearing was also refused. The two arrestees posted $300 bonds, conditioned only upon appearance in court for arraignment and trial, and were released.[2] They instituted this pretrial habeas corpus proceeding against the sheriff, the solicitor and the prosecutor who executed the affidavit. Habeas corpus relief was denied and petitioners appeal.

The issue before us is whether a person arrested and released on an appearance bond is entitled to a commitment hearing. While this precise issue has not been decided by this court, we have frequently considered various issues relating to commitment hearings. See for example, *State v. Hightower*, 236 Ga. 58 (fn. 1) (222 SE2d 333) (1976). As was pointed out in *State v. Middlebrooks*, 236 Ga. 52, 53 (222 SE2d 343) (1976), commitment hearing issues usually arise in one of two distinct situations: (1) a commitment hearing was held but the accused was not afforded the assistance of counsel at that hearing;[3] or (2) no commitment hearing has been held. This case is in the second category.

Denial of commitment hearing issues (category 2) may arise on habeas corpus prior to indictment and trial (as here),[4] on habeas corpus after indictment but before trial,[5] on appeal from conviction,[6] or on habeas corpus following conviction.[7]

Our research has revealed no case involving the denial of a commitment hearing having reached this court prior to indictment and trial, as in the case before us now. Nevertheless, in *McClure v. Hopper*, 234 Ga. 45 (4) (214 SE2d 503) (1975), we said: "Although not

---

[2] The bonds did not contain an express waiver of commitment hearing.

[3] *State v. Houston*, 234 Ga. 721 (218 SE2d 13) (1975); *Hannah v. Stone*, 236 Ga. 65 (222 SE2d 362) (1976); *State v. Hightower*, supra; *Tarpkin v. State*, 236 Ga. 67 (222 SE2d 364) (1976); and *Hunt v. Hopper*, 232 Ga. 53 (205 SE2d 303) (1974). These cases recognize that, in Georgia, a commitment hearing, if held, is a critical stage in criminal proceedings, that the accused therefore should be afforded the assistance of counsel, but that failure to provide counsel may be harmless error.

[4] See *McClure v. Hopper*, supra; and *Stynchcombe v. Hardy*, 228 Ga. 130 (184 SE2d 356) (1971).

[5] See *Casteel v. State*, 235 Ga. 804 (221 SE2d 579) (1976); *Walker v. City of Atlanta*, 238 Ga. 723 (235 SE2d 28) (1977).

[6] *State v. Middlebrooks*, supra; *Jones v. State*, 232 Ga. 771 (4) (208 SE2d 825) (1974) cert. denied, 419 U. S. 1115 (1975); *Tucker v. State*, 249 Ga. 323 (2) (290 SE2d 97) (1982); *Holmes v. State*, 224 Ga. 553 (2) (163 SE2d 803) (1968); see also *Casteel v. State*, supra, footnote 5. These cases hold that, because the purpose of a commitment hearing is to determine whether the defendant should be held for indictment and trial, the failure to hold such hearing is not reversible error after trial and conviction.

[7] *McClure v. Hopper*, supra, footnote 4; *Phillips v. Stynchcombe*, 231 Ga. 430 (1) (202 SE2d 26) (1973); *Hilliard v. Ballard*, 229 Ga. 305 (191 SE2d 74) (1972); *Thrash v. Caldwell*, 229 Ga. 585 (193 SE2d 605) (1972); *Smith v. Brown*, 228 Ga. 584, 585 (187 SE2d 142) (1972); *Burston v. Caldwell*, 228 Ga. 795 (3) (187 SE2d 900) (1972); and *Ballard v. Smith*, 225 Ga. 416 (4) (169 SE2d 329) (1969). These cases hold that denial of a commitment hearing is not grounds for habeas corpus relief following conviction.

ground for post-conviction habeas corpus due to mootness (as seen above), denial of commitment hearing would be ground for pre-indictment habeas corpus." Our habeas corpus statute provides that "Any person restrained of his liberty under any pretext whatsoever, except under sentence of a state court of record, may seek a writ of habeas corpus to inquire into the legality of the restraint." OCGA § 9-14-1 (a). Therefore, this case is properly before us.

We consider first the legality of pretrial restraint as a matter of federal constitutional law. In Gerstein v. Pugh, 420 U. S. 103, 114 (95 SC 854, 43 LE2d 54) (1975), the United States Supreme Court held that the "Fourth Amendment requires a judicial determination of probable cause as a prerequisite to extended restraint of liberty following arrest." The Court noted that "Even pretrial release may be accompanied by burdensome conditions that effect a significant restraint of liberty," citing subparagraphs (2) and (5) of 18 USCA § 3146 (a), which authorize restrictions on travel, association and place of abode, and a requirement of return to custody after specified hours. Significantly, the Court omitted references to appearance bonds, bail bonds and cash deposits. Subparagraphs (3) and (4) of 18 USCA § 3146 (a), supra. Thus it appears that an arrestee out on appearance bond is not entitled to a commitment hearing under the Fourth Amendment. In fact, the Court said that a probable cause determination "is required only for those suspects who suffer restraints on liberty other than the condition that they appear for trial." Gerstein v. Pugh, supra, 420 U. S. at 125, n. 26. Compare Hensley v. Municipal Court, 411 U. S. 345 (93 SC 1571, 36 LE2d 294) (1973).

The arrestees also assert here, however, that they have a right under state statute to a commitment hearing. They rely on OCGA § 17-4-26 which provides that an arrestee shall be brought before a judicial officer within 72 hours of an arrest under a warrant.[8] See also OCGA § 17-4-62 which provides that an arrestee shall be brought before a judicial officer within 48 hours of an arrest without a warrant.[9] But the argument that these statutes afford an arrestee who is

---

[8] OCGA § 17-4-26 reads as follows: "Every law enforcement officer arresting under a warrant shall exercise reasonable diligence in bringing the person arrested before the judicial officer authorized to examine, commit, or receive bail and in any event to present the person arrested before a committing judicial officer within 72 hours after arrest. The arresting officer shall notify the accused as to when and where the commitment hearing is to be held. An arrested person who is not notified before the hearing of the time and place of the commitment hearing shall be released."

[9] OCGA § 17-4-62 reads as follows: "In every case of an arrest without a warrant, the person arresting shall, without delay, convey the offender before the most convenient judicial officer authorized to receive an affidavit and issue a warrant as provided for in Code Section 17-4-40. No such imprisonment shall be legal beyond a reasonable time allowed for this purpose; and any person who is not brought before such judicial officer within 48 hours of arrest shall be released."

released on an appearance bond the right to a committal hearing ignores the remedy provided by those statutes — release from custody. Since the petitioners were released from custody within the time provided by law, albeit on bond, the statutes relied upon afford them no additional remedy.

Code sections 17-4-26 and 17-4-62, supra, are directives to the arresting officer to take the arrestee before a judicial officer within the prescribed time, or release the arrestee. Our interpretation of these Code sections is consistent with Code sections relating to bail. OCGA § 17-6-15 (a) provides: "After arrest, if bail is tendered and accepted, no regular commitment need be entered, but a simple memorandum of the fact of bail being taken shall be sufficient." OCGA § 17-6-16 provides in pertinent part: "If the accused person waives a commitment hearing and tenders bail, a memorandum of these facts shall be entered on the warrant by the person authorized to accept bail. . . ." But see OCGA § 17-7-24.

We therefore hold that a person who is arrested and released within the time prescribed by law on an appearance bond is not entitled to a commitment hearing.

*Judgment affirmed. All the Justices concur.*

DECIDED NOVEMBER 6, 1984.

*Douglas W. McDonald, Sr., P. Gerald Cody, Jr.,* for appellants. *Linton K. Crawford, Dennis T. Cathey,* for appellees.

---

Although OCGA § 17-4-26, supra (footnote 8), and OCGA § 17-4-62, quoted immediately above, are not identical, both provide that the sanction for noncompliance is release.