No. 85–5386.   FLEMING v. KEMP, WARDEN.   C. A. 11th Cir. Certiorari denied.

JUSTICE BRENNAN, dissenting.

Adhering to my view that the death penalty is in all circumstances cruel and unusual punishment prohibited by the Eighth and Fourteenth Amendments, *Gregg* v. *Georgia*, 428 U. S. 153, 227 (1976), I would grant certiorari and vacate the death sentence in this case.

JUSTICE MARSHALL, dissenting.

I would grant certiorari in this case because petitioner was not represented by counsel at a critical stage of a criminal proceeding, and is therefore entitled to reversal of his conviction.   See *United States* v. *Cronic*, 466 U. S. 648, 659, and n. 25 (1984); *Holloway* v. *Arkansas*, 435 U. S. 475, 489 (1978).

Petitioner was convicted of murdering a police officer and sentenced to death.   After exhausting state remedies, petitioner filed a petition for a writ of habeas corpus in the District Court.   Petitioner contended that he had been denied counsel at a commitment hearing, a device used under Georgia law to determine the existence of probable cause to detain a suspect, Ga. Code Ann. § 17–7–23 (1982), and one that the Georgia Supreme Court has held to be a critical stage of the prosecution, *State* v. *Houston*, 234 Ga. 721, 218 S. E. 2d 13 (1975); cf. *Coleman* v. *Alabama*, 399 U. S. 1 (1970).   The District Court held that the hearing that took place in this case had not been a "commitment hearing" as contemplated

by state law, and that in any event petitioner had been represented by an attorney, Millard Farmer. 560 F. Supp. 525 (MD Ga. 1983). Viewing the latter question as one of fact and the District Court's resolution as not clearly erroneous, a divided Court of Appeals affirmed without considering the nature of the hearing. 748 F. 2d 1435 (CA11 1984).

Assuming for the sake of argument that the District Court's determination that attorney Farmer represented petitioner is a pure issue of fact, but see *Cuyler* v. *Sullivan*, 446 U. S. 335, 342 (1980) (whether counsel engaged in multiple representation is mixed question of law and fact), I would not hesitate to hold that finding clearly erroneous. See 748 F. 2d, at 1456 (Tuttle, J., concurring in part and dissenting in part). Petitioner, Son Fleming, was arrested along with Henry Willis and Larry Fleming, who is petitioner's nephew. Petitioner and his two codefendants requested and received separate appointed counsel. Larry Fleming's appointed counsel induced Farmer, an experienced full-time criminal attorney, to represent both Larry Fleming and Henry Willis. Farmer then requested a commitment hearing for his two clients, who, like petitioner, had been indicted for kidnaping but not yet for murder. Petitioner's counsel, who had been appointed on the kidnaping charge but not the murder charge, chose not to participate. Nevertheless, the prosecutor required petitioner to be at the hearing, at which the State introduced testimony on the kidnaping and murder charges, and permitted Farmer an opportunity to cross-examine.

The District Court found that Farmer had represented all three defendants at the hearing. It based this conclusion on the facts that the transcript showed Farmer appearing "for the defendants," *id.*, at 1444, and that the prosecutor had referred to Farmer as "counsel for the defendants," *ibid.* The District Court also gave weight to Farmer's failure to inform the court during the hearing that he was not representing all three defendants, and to his cross-examination of the State's witnesses, which related to the conduct of all three defendants.

These facts are simply insufficient to support the conclusion that Farmer represented petitioner in the face of direct evidence to the contrary. Farmer, whom the District Court characterized as an experienced criminal attorney, 560 F. Supp., at 529, testified under oath at the habeas hearing that he had not represented petitioner at the "commitment" hearing, *id.*, at 533. Petitioner's ap-

pointed attorney also believed that Farmer had not represented petitioner at the hearing. 748 F. 2d, at 1460 (Tuttle, J., concurring in part and dissenting in part). Finally, it is undisputed that the prosecutor knew before the hearing that Farmer did not represent petitioner. *Id.*, at 1459; 560 F. Supp., at 529–530.

Most importantly, Farmer could not possibly have represented petitioner without incurring an actual and substantial conflict of interest. At the time of the hearing, none of the defendants had been indicted for the murder. Petitioner had told the police that he had not participated in the killing, but instead had begged his codefendants to spare the victim's life. *Id.*, at 529. According to Larry Fleming, however, petitioner and Willis had shot the victim. 748 F. 2d, at 1460. No extended discussion is necessary to demonstrate that Farmer could not represent both petitioner and Larry Fleming under those circumstances. Petitioner thus had either no counsel or counsel who "actively represented conflicting interests," *Cuyler, supra,* at 350. In either event, reversal is automatic. *Holloway, supra,* at 489; *Cuyler, supra,* at 349–350.

The District Court's determination that the hearing in this case was not a critical stage is even less persuasive. The District Court concluded that there had been no need for a commitment hearing because all three defendants could legally have been detained on the kidnaping charges. Moreover, the Justice of the Peace had made no probable-cause determination, as he presumably would have following a commitment hearing. The District Court therefore chose to characterize the hearing as "an agreed upon discovery conference." 560 F. Supp., at 533. Sixth Amendment rights, however, do not turn upon how a proceeding is characterized for purposes of state law, or indeed upon whether state law expressly mandates such a proceeding. *Coleman* v. *Alabama, supra,* at 8 (plurality opinion). The critical inquiry is whether "counsel's absence might derogate from the accused's right to a fair trial." *United States* v. *Wade,* 388 U. S. 218, 226 (1967) (footnote omitted).

The hearing in this case was unquestionably a critical stage within the meaning of *Wade* and *Coleman.* As Judge Tuttle observed, the hearing was petitioner's first opportunity to cross-examine the State's witnesses. 748 F. 2d, at 1457. Thus the plurality's observations in *Coleman, supra,* at 9, are equally relevant here:

"[T]he skilled interrogation of witnesses by an experienced lawyer can fashion a vital impeachment tool for use in cross-examination of the State's witnesses at the trial, or preserve testimony favorable to the accused of a witness who does not appear at the trial. . . . [T]rained counsel can more effectively discover the case the State has against his client and make possible the preparation of a proper defense to meet that case at the trial."

Petitioner therefore had a Sixth Amendment right to counsel at the hearing, no matter what that hearing was called or why Farmer requested it. The District Court's determination that Farmer represented petitioner is either contrary to law or clearly erroneous. I would grant the petition for certiorari and set the case for hearing on the merits.