# Court of Appeals
# of the State of Georgia

ATLANTA, February 16, 2023

*The Court of Appeals hereby passes the following order:*

**A23D0234.  GIOVONNTE MADDOX v. THE STATE.**

In 2011, Giovonnte Maddox pleaded guilty to one count of armed robbery, two counts of aggravated assault, and one count of kidnapping. This Court subsequently affirmed the denial of his motion to withdraw his guilty plea in an unpublished decision. See Case No. A21A1367 (Jan. 10, 2022). Maddox thereafter filed a pro se motion to vacate his sentence, alleging that it was void. The trial court denied the motion to vacate, and Maddox filed this discretionary application. We lack jurisdiction.

As a threshold matter, no provision of the discretionary application statute applies to the order Maddox seeks to appeal. See OCGA § 5- 6-35 (a) We grant timely applications when the trial court's order is subject to direct appeal. See OCGA § 5-6-35 (j). But the trial court's order is not subject to direct appeal.

An appeal may lie from an order denying a motion to correct a void sentence if the defendant raises a colorable claim that the sentence is, in fact, void. See *Harper v. State*, 286 Ga. 216, 217 (1) n.1 (686 SE2d 786) (2009); *Burg v. State*, 297 Ga. App. 118, 119 (676 SE2d 465)(2009).

But Maddox does not raise any challenge to his sentence. Rather, he asserts that there were defects in his arrest warrant and his indictment. These arguments are an attempt to vacate the judgment of conviction. See *Jones v. State*, 290 Ga. App. 490, 494 (2) (659 SE2d 875) (2008) (holding that challenges to the indictment "are essentially attempts to vacate a judgment of conviction"); *State v. Houston*, 234 Ga. 721, 724 (218 SE2d 13) (1975) ("an illegal arrest or detention does not void a subsequent conviction"). Our Supreme Court has made clear that a motion seeking

to challenge an allegedly invalid or void judgment of conviction "is not one of the established procedures for challenging the validity of a judgment in a criminal case" and that an appeal from the denial of such a motion is subject to dismissal. See *Roberts v. State*, 286 Ga. 532, 532 (690 SE2d 150) (2010); *Harper*, 286 Ga. at 218 (2). Because Maddox is not authorized to collaterally attack his conviction in this manner, this application is hereby DISMISSED.



*Court of Appeals of the State of Georgia*
  *Clerk's Office, Atlanta,  02/16/2023*
    *I certify that the above is a true extract from the minutes of the Court of Appeals of Georgia.*
    *Witness my signature and the seal of said court hereto affixed the day and year last above written.*

_____ , *Clerk.*