### 74671. THE STATE v. CADE.
(361 SE2d 494)

POPE, Judge.

On June 21, 1986 the defendant, Clarence DeWitt Cade, was arrested and charged with disobeying a traffic control signal (OCGA § 40-6-20), failure to exhibit a driver's license upon demand (OCGA § 40-5-29), operating a motor vehicle without insurance (OCGA § 33-34-12) and operating an unregistered vehicle (OCGA § 40-2-20). Defendant was issued a Uniform Traffic Citation, Summons, Accusation/Warning for each of these offenses. Thereafter, defendant, proceeding pro se, filed a "Notice and Demand to Dismiss for Lack of Jurisdiction" based upon the arresting officer's failure to convey him to a judicial officer empowered to issue warrants within 48 hours of his warrantless arrest, pursuant to OCGA § 17-4-62. The record shows that defendant was incarcerated from June 21, 1986 until June 26, 1986. On January 8, 1987 the trial court granted defendant's motion to dismiss, and the State filed this timely appeal.

1. The State first contends that the trial court erred in granting defendant's motion to dismiss because OCGA § 17-4-62 mandates only that an accused arrested without a warrant and detained in excess of 48 hours without a hearing be released from custody; it does not act to divest the trial court of jurisdiction properly acquired over such a defendant. The defendant argues, however, that since a war-

rant for his arrest was *never* issued, and since he has at no time during the proceedings consented to the court's exercise of jurisdiction over him, his motion to dismiss for lack of jurisdiction was properly granted. We disagree. "The requirement of [OCGA § 17-4-62] that one 'arrested without a warrant and not conveyed before an officer authorized to issue warrants within 48 hours "shall be released" means that such person shall be released from imprisonment or custody until a warrant is obtained — not that he shall be released from trial after he has been indicted for a crime.' [Cit.]" *Vaughn v. State*, 248 Ga. 127, 130 (281 SE2d 594) (1981). Moreover, "although an arresting officer may be liable in damages for false arrest and imprisonment where he detains the defendant in an illegal manner, this is ordinarily immaterial so far as the jurisdiction of the court over the defendant is concerned, after it has been acquired by accusation or indictment, and appearance and pleading by the defendant, in a criminal case. [Cit.]" *French v. State*, 99 Ga. App. 149, 151 (107 SE2d 890) (1959); see also *Battle v. State*, 254 Ga. 666 (3) (333 SE2d 599) (1985); *Dollar v. State*, 161 Ga. App. 428 (4) (288 SE2d 689) (1982); *Peters v. State*, 115 Ga. App. 743 (2) (156 SE2d 195) (1967); *Blake v. State*, 109 Ga. App. 636 (3) (137 SE2d 49), cert. den., 379 U. S. 924 (1964).

The record in the case sub judice shows that defendant was never reincarcerated following his June 26, 1986 release; thus, a subsequent warrant for his arrest was unnecessary and the lack thereof did not serve to divest the trial court of jurisdiction over him. Moreover, although under Georgia law the Uniform Traffic Citations issued at the time of defendant's arrest would suffice to prosecute these traffic-related offenses, see OCGA §§ 40-13-1; 40-13-3; and 40-13-24, the State also issued formal accusations against the defendant on September 11, 1986, which were also sufficient to bring the defendant to trial on the charges contained therein. OCGA § 17-7-71; *Evans v. State*, 168 Ga. App. 716 (310 SE2d 3) (1983). Thus, the trial court erred in dismissing the charges against the defendant based on the arresting officer's failure to comply with OCGA § 17-4-62.

Defendant also argues that in his brief in support of his motion to dismiss he raises additional challenges to the trial court's jurisdiction; however, we have examined these arguments and find them to be without merit. Accordingly, the trial court erred in granting defendant's motion to dismiss for lack of jurisdiction.

2. Because of our holding in Division 1, supra, it is unnecessary for us to address the State's remaining enumeration.

*Judgment reversed. Birdsong, C. J., and Deen, P. J., concur.*

Decided September 8, 1987 —
Rehearing denied September 29, 1987.

*James L. Webb, Solicitor, Patsy Y. Porter, Assistant Solicitor*,
for appellant.
Clarence Cade, *pro se*.