## 63082. DOLLAR v. THE STATE.

McMurray, Presiding Judge.

Defendant and a co-defendant were indicted in two counts for the offenses of armed robbery (first count) and motor vehicle theft (second count). After a trial the jury returned a verdict of not guilty as to the co-defendant on both of the counts and found the defendant guilty only of the offense of motor vehicle theft but not guilty of the offense of armed robbery. Defendant's motion for new trial as amended was filed, heard and denied, and he appeals. *Held:*

1. Defendant's first four enumerations of error are concerned with the sufficiency of the evidence (the general grounds and the denial of a motion for directed verdict contending the evidence was insufficient to establish the elements of the offense of motor vehicle theft). Defendant's argument is that the evidence failed to establish the essential element of intent, contending that on the previous day one of the two alleged victims and the defendant were involved in an illicit physical activity (sodomy) and all three involved in the consumption of intoxicating beverages. His defense was that when he was again with the two alleged victims on the next day he took the automobile as a means to escape so as to avoid being coerced into committing sodomy and that he later left the vehicle at another location and walked home, having no intent to deprive the owner of his property. The conflicting stories produced in evidence by the various participants does not demand a verdict of acquittal when the evidence viewed with all reasonable doubts and inferences is to show the taking of the motor vehicle under duress albeit the jury did not return a verdict of guilty of armed robbery. The credibility of the witnesses was for the jury to consider. The evidence was sufficient to sustain a conviction. See *Sims v. State,* 242 Ga. 256, 257-258 (248 SE2d 651); *Hammond v. State,* 157 Ga. App. 647, 650 (6) (278 SE2d 188). After careful review of the entire record and transcript we find that a rational trier of fact (the jury in the case sub judice) could reasonably have found from the evidence adduced at trial proof of guilt of the defendant beyond a reasonable doubt of the offense of motor vehicle theft. *Moses v. State,* 245 Ga. 180, 181 (1) (263 SE2d 916); *Snell v. State,* 246 Ga. 648 (272 SE2d 348); *Caffo v. State,* 247 Ga. 751, 754 (279 SE2d 678). These enumerations of error are not meritorious.

2. The next enumeration of error we consider is that the trial court committed error in refusing to sever the parties thereby denying his constitutional right to due process and Sixth Amendment right to an impartial trial by an impartial jury. The victims were unable to positively identify the co-defendant as being

the companion of the defendant involved in the alleged robbery and automobile theft. The co-defendant did make a statement with reference to the alleged robbery which was corroborated by other evidence, but the jury apparently rejected his admissions and required eyewitness identification in order to convict. The co-defendant did not identify this defendant as the person who assisted him in robbing "these people" with "a shotgun that belonged to [the defendant's] daddy," although the jury could infer from this testimony that the defendant participated in the crime. However, there was direct evidence, if believed by the jury, sufficient to convict the defendant and co-defendant of both counts. At trial this defendant's defense was entirely different from the co-defendant. Defendant argues that the co-defendant "due to the lack of positive identification, was essentially contending that he was not even present when the incident allegedly transpired." This defendant's defense of course was that he took the automobile with no intent to steal but to escape so as to avoid being coerced into committing sodomy. The grant or denial of a motion to sever is left to the discretion of the trial court and its ruling will not be overturned except for an abuse of discretion. See *Mathis v. State,* 231 Ga. 401 (202 SE2d 73); *Dixon v. State,* 243 Ga. 46, 48 (2) (252 SE2d 431); *Baker v. State,* 238 Ga. 389, 391 (2) (233 SE2d 347); *Cain v. State,* 235 Ga. 128, 129 (218 SE2d 856). The denial of the motion for severance has not established any denial of his constitutional right to due process or a violation of his Sixth Amendment right to impartial trial by an impartial jury. See *Cain v. State,* 235 Ga. 128, 130, supra. While the defenses of the defendant and co-defendant were entirely different, nevertheless we cannot say that they were antagonistic to each other. This defendant admitted only that he was present and took the automobile as a means of escaping the victims. The co-defendant, as argued by the defendant, denied that he was ever present. Thus, both defendants were in agreement that the co-defendant was not present and participating even though co-defendant's admission infers that a robbery occurred with the use of this defendant's father's shotgun. It is noted in the transcript of the proceedings there was no objection by the defendant to the admission of co-defendant's statement at the time of its introduction although counsel for defendant did object to the allowance in evidence of testimony as to the admissions of the defendant. There is no merit in this complaint. See *Johnson v. State,* 158 Ga. App. 183, 185 (3) (279 SE2d 483). Even if the defenses would have been antagonistic this does not in and of itself require severance. See *James v. State,* 157 Ga. App 763, 764 (278 SE2d 696).

3. In the next enumeration of error the defendant contends that

his character was placed in issue when it was inferred that he was a homosexual. This occurred when a defense witness on cross-examination was asked, in regard to a statement made by the defendant that he was going to meet two homosexuals, "[w]hat does that make him [defendant]?" The witness answered that he did not know what that would make him. At this time objection was made, and the district attorney withdrew the question. However, the court sustained the objection and asked the jury to disregard the answer. Counsel for defendant made no further request with reference to the sustained objection and we find no error here. See *Prophet v. State,* 158 Ga. App. 578 (1) (281 SE2d 321); *Plemons v. State,* 155 Ga. App. 447, 449 (3) (270 SE2d 836). Further, any error was harmless as the defendant took the stand and admitted participating in sodomy and contended he fled with the automobile to escape committing further acts of sodomy.

4. Defendant's next complaint was that he was arrested without an arrest warrant and was held 48 hours without being taken before a magistrate, in violation of Code Ann. § 27-212 (Ga. L. 1956, pp. 796, 797). The failure to hold a commitment hearing within 48 hours as required by the above cited code section does not render the conviction invalid, nor require exclusion of the evidence. See *Sanders v. State,* 235 Ga. 425, 440 (219 SE2d 768); *Furman v. State,* 225 Ga. 253, 254 (5) (167 SE2d 628); *Miller v. State,* 156 Ga. App. 125, 126 (274 SE2d 122). Nor does it in and of itself render an admission or confession voluntarily given during his unlawful detention inadmissible in evidence. See *Blake v. State,* 109 Ga. App. 636 (3) (137 SE2d 49). In arguing this enumeration of error wherein he alleges this was a violation of his constitutional right to due process and his Fourth Amendment right to be free from unreasonable searches and seizures defendant injects a contention that the testimony of one officer testifying as to course of conduct of another officer was highly improper and constituted hearsay. However, the record is void of any objection based on hearsay at the time this officer was testifying, that is, explaining his conduct as to the events surrounding the arrest of this defendant for violation of the Georgia Controlled Substances Act and eluding an officer. Where no objection is made at trial there can be no error reviewable on appeal or any motion for new trial. See *Pulliam v. State,* 236 Ga. 460, 465 (224 SE2d 8); *Fowler v. State,* 155 Ga. App. 76 (2) (270 SE2d 297); *Jefferson v. State,* 157 Ga. App. 324, 326 (277 SE2d 317); *Sherrod v. State,* 157 Ga. App. 351, 352 (2) (277 SE2d 335).

Having considered each and every argument made by the defendant and finding no reversible error, we must affirm.

*Judgment affirmed. Quillian, C. J., and Pope, J., concur.*

DECIDED FEBRUARY 26, 1982.

*Mack Reynolds,* for appellant.
*Arthur E. Mallory III, District Attorney, Robert S. Ogletree, Assistant District Attorney,* for appellee.