70743. THE STATE v. RUFF.
(335 SE2d 687)

McMURRAY, Presiding Judge.

Defendant was arrested on November 4, 1984. Within 48 hours defendant was released on bail. Both while in jail and subsequent to his release on bail, defendant attempted to obtain a preliminary hearing without success. On January 21, 1985, defendant was indicted on four counts of violations of the Georgia Controlled Substances Act. On or after February 8, 1985, defendant filed his "Plea in Bar, Abatement and Motion to Quash Indictment." The trial court ordered the indictment be quashed based on "the State's failure to give the defendant a preliminary hearing prior to indictment [after] having induced [defendant] to make bond upon promise of giving [defendant a] preliminary hearing." The State appeals. *Held*:

In large part the issues raised by defendant were decided adversely to him in *Watts v. Pitts*, 253 Ga. 501 (322 SE2d 252). See also

*Tucker v. State,* 249 Ga. 323, 325 (2) (290 SE2d 97).

Defendant would distinguish *Watts v. Pitts,* supra, on the basis of his testimony that he was promised a preliminary hearing by a magistrate and was acting in reliance on that promise when he signed the bail bond thereby precipitating his release from custody. In *Watts* defendants were told that they could not have a commitment hearing.

"The '. . . purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. [OCGA § 17-7-23].' *Jackson v. State,* 225 Ga. 39, 42 (165 SE2d 711) (1969). . . . [a] preliminary hearing is not a required step in a felony prosecution and . . . once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing." *State v. Middlebrooks,* 236 Ga. 52, 54-55 (2) (222 SE2d 343).

In the case sub judice, any right of defendant to a preliminary hearing which survived his release from custody was predicated upon the magistrate's promise. We find no reason that any such right to a commitment hearing, or a failure to hold such a commitment hearing, should be distinguished from a failure to hold a commitment hearing in compliance with various statutes. In *Tucker v. State,* 249 Ga. 323, 325 (2), supra, our Supreme Court affirmed the denial of a motion to quash the indictment where the defendant relied upon a failure to comply with the statutory 72-hour limit. OCGA § 17-4-26. See also *Natson v. State,* 242 Ga. 618, 622 (3) (250 SE2d 420); *State v. Middlebrooks,* 236 Ga. 52, 54-55 (2), supra; and *Watts v. Pitts,* 253 Ga. 501, supra. We conclude that the trial court erred in granting defendant's motion to quash the indictment.

*Judgment reversed. Banke, C. J., and Benham, J., concur. Benham, J., also concurs specially.*

BENHAM, Judge, concurring specially.

I join my brethren by concurring in the majority opinion, but I choose to elaborate in more detail on my reasons for concurrence.

The majority decision is dictated by two cases. *Watts v. Pitts,* 253 Ga. 501, at 504 (322 SE2d 252) (1984), states: "We therefore hold that a person who is arrested and released within the time prescribed by law on an appearance bond is not entitled to a commitment hearing." *State v. Middlebrooks,* 236 Ga. 52, 55 (222 SE2d 343) (1976), restricts the right to a preliminary hearing as outlined in OCGA §§ 17-4-26 and 17-4-62 by stating that "a preliminary hearing is not a required step in a felony prosecution and that once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing."

What is really called into question by this appeal is not only the

viability of a procedural right, but respect for the criminal justice system. Undoubtedly, we expect citizens to respect our court and system of laws because it is that respect that causes defendants to return to trial after being released on bond, citizens to bring suits expecting adherence to procedural rules regardless of person or position, and the judgments of the court to be followed.

In this instance the magistrate promised a preliminary hearing. It was scheduled. The defendant appeared and the district attorney, after having been notified, flatly refused to appear. Such conduct does not comport with traditional notions of justice, and this court should be in a position to provide some type of relief. However, "the purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. [Cits.]" *Jackson v. State*, 225 Ga. 39, 42 (165 SE2d 711) (1969). This determination was already made by the indictment.

The dissent by Chief Justice Hill in *Middlebrooks v. State*, supra at 57, is particularly illuminative of the fact that in some instances state law affords more procedural safeguards than does the United States Constitution. Such is the case with commitment hearings. The notion put forth by Chief Justice Hill that we should look to the matter of harm in determining whether to quash the indictment after the denial of a commitment hearing is not only workable, but is in keeping with maintaining respect for the criminal justice system. Since the record here does not show any harm, the denial of the preliminary hearing was a harmless event.

My concurrence for the most part is based on my genuflection toward abounding precedent, yet I yearn for stricter adherence to procedural rules designed to afford fundamental fairness to citizens brought before the bar of justice.

DECIDED SEPTEMBER 18, 1985 —
REHEARING DENIED OCTOBER 2, 1985 —

*Michael H. Crawford, District Attorney*, for appellant.
*Douglas W. McDonald, Sr., P. Gerald Cody, Jr.*, for appellee.