## A93A1919. BOWDRY v. THE STATE.
(440 SE2d 59)

POPE, Chief Judge.

Defendant Anthony Bowdry appeals from his convictions for possessing and selling cocaine.

In his sole enumeration of error, defendant argues the trial court erred by allowing testimony concerning defendant's prior similar offenses because the person who testified about the similar offenses was not a witness to the offenses and was familiar with the transactions only because of his duties as Chief Deputy Sheriff of McDuffie County. After conducting the requisite hearing, the trial court ruled that the State could present the testimony of the former chief deputy, now the current Sheriff of McDuffie County, concerning similar offenses by the defendant. The sheriff testified that in 1989, when the similar offenses occurred, he was the chief deputy in McDuffie County and one of his duties was to supervise and direct the activities of a drug task force working within the county. He had almost daily contact with the investigators in the task force and was kept informed of their activities in the area. During the similar transaction hearing, he

testified he was not an investigator[1] of those crimes, cf. *Jackson v. State*, 205 Ga. App. 827 (2) (424 SE2d 6) (1992), but he had worked closely with the undercover agent and knew that the offenses were similar. He was allowed to testify that the prior offenses, like this case, involved cocaine buys by an undercover agent from defendant in a high drug activity area from defendant. He identified certified copies of defendant's convictions (guilty pleas) for selling and possessing cocaine on September 22, 1989, September 23, 1989, and October 19, 1989 and the convictions were admitted into evidence.

The witness acknowledged during the hearing on the evidence, however, that he did not have personal knowledge of what happened during the drug buys giving rise to the similar offenses and his only knowledge of what happened was based on hearsay. It follows, therefore, that the witness' testimony concerning the similarity of the prior offenses was inadmissible hearsay, which was of no probative value to prove the similarity of the prior offenses. As he was the only witness called by the State concerning the similarity of the prior offenses, the similar transaction evidence was erroneously admitted. *Brown v. State*, 199 Ga. App. 18 (2) (404 SE2d 154) (1991).

Erroneous admission of similar transaction evidence, however, may be harmless. *Faison v. State*, 199 Ga. App. 447, 449 (1) (405 SE2d 277) (1991). In this case there was overwhelming evidence presented of defendant's guilt. An undercover agent[2] identified defendant as the man from whom she purchased cocaine on April 3, 1991. A forensic chemist from the Georgia State Crime Lab testified that the substance purchased by the agent from defendant was cocaine. Also, the sheriff testified that the morning after the undercover agent purchased cocaine from defendant, defendant called the sheriff, identified himself, admitted that the evening before he had been approached by a white female, admitted he had sold her cocaine and thought he "had messed up" because "he didn't know whether she was an undercover agent." The defendant did not refute the testimony of any of these witnesses. In this case, "the evidence of [defendant's] guilt was overwhelming and error, if any, in the admission of [his] prior convictions would not mandate a reversal because it [was] highly probable that that error did not contribute to the guilty verdict." (Citations and punctuation omitted.) *Wheat v. State*, 205 Ga. App. 388, 389 (2) (422 SE2d 559) (1992).

*Judgment affirmed. Birdsong, P. J., and Andrews, J., concur.*

---

[1] The undercover agent who purchased cocaine from defendant in the prior offenses was suspended from the drug task force after he was accused of planting drugs on a suspect.

[2] The undercover agent who purchased cocaine from defendant was not the same agent who made the previous undercover buys from defendant.

DECIDED JANUARY 5, 1994.

*Jimmy D. Plunkett*, for appellant.
*Dennis C. Sanders, District Attorney*, for appellee.