### A93A2498. TRUITT v. THE STATE.
(441 SE2d 800)

COOPER, Judge.

Defendant was convicted by a jury of one count of selling cocaine and appeals her conviction and sentence. Her sole enumeration of error is that the trial court erred in denying her challenge to the jury array.

Specifically, defendant contends that blacks were significantly underrepresented on both the traverse jury venire and, in particular, on her individual panel. She presents the following evidence: According to the 1990 census, Carroll County has a total population of 71,422 of which 11,231 are black. Thus, blacks comprise 15.7 percent of the total population.[1] The traverse jury list consisted of seventy-eight jurors of which nine were black. Thus, blacks comprised 11.5 percent of the jury pool. The disparity between these two figures is 4.2 percent. Defendant, however, contends that her panel was underrepresented by 12.7 percent because only one of the thirty jurors on her panel was black.

"Criminal defendants in state courts may challenge discriminatory selections of grand and petit juries through the equal protection clause of the Fourteenth Amendment. Moreover, criminal defendants in state courts have the right to challenge, under the Sixth Amendment, petit juries not selected from a fair cross section of the community. The two challenges are not entirely analogous. However, common to each is the requirement that the defendant must establish prima facie that a distinct and identifiable group in the community is substantially underrepresented on the jury venire being challenged." (Citations and punctuation omitted.) *Wilson v. State*, 250 Ga. 630, 635 (3a) (300 SE2d 640) (1983).

As shown above, only a 4.2 percent disparity existed between the percentage of blacks on the traverse jury list and the percentage of blacks in the total population. We do not find this percentage showed substantial underrepresentation of blacks on the jury venire. See *Wilson*, supra at 635; *Cochran v. State*, 256 Ga. 113 (8) (344 SE2d 402) (1986); see also *Hill v. State*, 263 Ga. 37 (2) (427 SE2d 770) (1993). "The fact that the jury panel in this particular case actually contained a lower percentage of blacks is not especially significant. There is no constitutional guarantee that the grand or petit juries, impanelled in a particular case will constitute a representative cross-section of the entire community." (Citation and punctuation omitted.) *Adams v. State*, 180 Ga. App. 546, 547 (3) (349 SE2d 789) (1986). Accordingly, the trial court did not err in denying defendant's challenge to the jury array.

*Judgment affirmed. Beasley, P. J., and Smith, J., concur.*

DECIDED MARCH 4, 1994.

*Word & Flinn, T. Michael Flinn*, for appellant.

---

[1] Although it would be more accurate to determine the total amount of the black population over the age of 18 (since persons under 18 years of age are ineligible for jury service), defendant has not provided us with this information.

*Peter J. Skandalakis, District Attorney, Jeffrey W. Hunt, Assistant District Attorney*, for appellee.