A94A1198. HOWARD v. THE STATE.
(450 SE2d 824)

McMURRAY, Presiding Judge.

Defendant was tried before a jury and found guilty of forgery in the first degree. This appeal followed the denial of his motion for new trial. *Held*:

1. Defendant contends the evidence is insufficient to support the jury's verdict. We do not agree.

Teresa Lynn Coker testified that at 1:00 in the afternoon on February 17, 1993, while working as a teller at a NationsBank office in Athens, Georgia, Blendora Brooks (a/k/a Blendnora Brooks) presented her with a $1,800 check drawn on the account of a local law firm, "Scott and Quarterman." Ms. Coker testified that she did not have authority to honor such a large check without approval so she took the check to her supervisor, Lenelle Mauldin. Ms. Mauldin testified that she did not recognize the signature on the check; that she contacted personnel at the law firm of "Scott and Quarterman" and that she then discovered that the $1,800 check was no good. Ms. Mauldin testified that she advised the bank's manager and that the manager contacted the police. Ms. Coker testified that while Ms. Mauldin was verifying the check, Brooks told her "that she had someone illegally parked outside and that she would be back in just a moment, she had to go get them to tell them it was taking longer than what she thought."

Bicycle Patrol Officer Jim Schultz of the Athens-Clarke County Police Department testified that he and his partner, Bicycle Patrol Officer Chris Myllo, responded to the reported crime; that Brooks was standing outside the bank when he and Officer Myllo arrived on the scene and that "she stated that she was waiting for her ride out there." Officer Schultz testified that Brooks then pointed to a passing car and stated, " 'That's my ride right there.' " Officer Schultz explained that the suspect vehicle was not responsive to his hand and voice signals, but that the vehicle stopped (upon a second pass by the bank) when Patrol Officer David Painter of the Athens-Clarke County Police Department signaled for the vehicle to stop.

Officer Painter testified that Brooks informed him that a man in the suspect vehicle (defendant) instructed her to present the forged check for payment; that defendant had more blank checks in the suspect vehicle and that he then observed a man (Everton Chambers) in the driver's seat of the suspect vehicle and defendant in the rear seat of the vehicle. Officer Schultz testified that, as he approached the suspect vehicle, he noticed defendant's hand tucked in the "crease" where the "long [rear] bench type seat" cushions join. Officer Painter testified that he instructed defendant to remove his hand from the seat and that he then lifted the cushion of the rear seat and found three blank checks under the seat (directly under the area where defendant was seated) with the inscription, "HOWARD TATE SCOTT RENTAL ACCOUNT." Attorney Howard Scott testified that these blank checks as well as the $1,800 check presented by Brooks were taken from his law office ("Scott and Quarterman") during a burglary the night before Brooks presented the $1,800 for payment. Attorney

Scott testified that his signature had been forged on the check. This testimony and testimony of Blendora Brooks that she and defendant jointly planned and executed the crime charged is sufficient to authorize the jury's finding that defendant is guilty, beyond a reasonable doubt, of being a party to the crime of forgery in the first degree. *Jackson v. Virginia,* 443 U. S. 307 (99 SC 2781, 61 LE2d 560); *McGowan v. State,* 173 Ga. App. 438, 439 (5), 440 (326 SE2d 805).

2. Defendant also enumerates error with regard to the trial court ruling allowing the State to present evidence of his participation in two prior similar acts of forgery in the first degree.

Pretermitting the substance of defendant's claims in this enumeration, " 'an erroneous admission of "other transaction" evidence may be harmless.' (Emphasis omitted.) *Faison v. State,* 199 Ga. App. 447, 449 (1) (405 SE2d 277) (1991). See also *Stephens v. State,* [261 Ga. 467, 468 (6), 469 (405 SE2d 483)]; *Little v. State,* [202 Ga. App. 7 (1), 8 (413 SE2d 496). In the case sub judice,] evidence of [defendant's] guilt was overwhelming and 'error, if any, in the admission of [his] prior [participation in similar acts of forgery in the first degree] would "not mandate a reversal because it is highly probable that that error did not contribute to the guilty verdict. (Cit.)" (Cit.)' *Johnson v. State,* 204 Ga. App. 246 (4) (419 SE2d 107) (1992). Compare *Beasley v. State,* [204 Ga. App. 214, 217 (3) (419 SE2d 92)]." *Wheat v. State,* 205 Ga. App. 388 (2), 389 (422 SE2d 559).

*Judgment affirmed. Pope, C. J., and Smith, J., concur.*

DECIDED OCTOBER 7, 1994.

*William R. Sotter,* for appellant.
Hack Howard, *pro se.*
*Harry N. Gordon, District Attorney, Richard L. Dickson, Assistant District Attorney,* for appellee.