## S96A0627. TAYLOR v. CHITWOOD et al.

(471 SE2d 511)

FLETCHER, Presiding Justice.

Patrick Taylor filed a pre-trial petition for writ of habeas corpus contending he was not afforded a first appearance hearing within 72 hours of being jailed in Whitfield County following his extradition from Tennessee and that the bail set was excessive. The trial court denied the writ. Because the failure to hold a first appearance hearing affords no basis for release after indictment and the setting of bail, we affirm.

1. Uniform Superior Court Rule 26.1 sets forth the information a judicial officer must provide an accused within 72 hours of the accused's arrest pursuant to a warrant. At the hearing, the judicial officer informs the accused of the charges against him, informs him of certain rights he has in further proceedings including the right to remain silent and the right to counsel, and sets bail.[1]

The record shows that after Taylor filed this petition, he was indicted and had bail set. We have previously held that there is no judicial oversight of the failure to hold a preliminary commitment hearing following indictment.[2] Likewise, we conclude that the failure to hold a timely first appearance hearing provides no basis for release once the defendant has been indicted and had an opportunity to seek bail.

Taylor also contends that the failure to hold a first appearance hearing voids later proceedings, including indictment and trial. Taylor has an adequate remedy during trial and on direct appeal of any conviction to raise these issues. Therefore, the trial court properly denied his habeas corpus petition.[3]

2. Because Taylor has an extensive criminal history, the trial court did not abuse its discretion in holding that bail of $50,000 was not excessive.

*Judgment affirmed. All the Justices concur, except Carley, J., who concurs in the judgment only.*

SEARS, Justice, concurring.

Not later than 48 hours after an arrest made without a warrant, or 72 hours following an arrest with a warrant, unless bond has been set and met, "the arresting officer or the law officer having custody of the accused *shall* present the accused in person before a magistrate or other judicial officer for first appearance."[4] At the first appearance, the judicial officer *shall* (1) inform the accused of the charges; (2) in-

---

[1] USCR 26.1.

[2] See *State v. Middlebrooks*, 236 Ga. 52, 55 (222 SE2d 343) (1976).

[3] OCGA § 9-14-16 (1).

[4] USCR 26.1.

form the accused of his right to remain silent and that any statement he makes can be used against him; (3) determine whether counsel must be appointed and if so, ensure that appropriate procedures are followed; (4) inform the accused of his right to a pre-indictment commitment hearing; (5) determine whether probable cause existed for the arrest; (6) in felony cases, inform the accused of his rights to a grand jury indictment and a trial by jury; (7) inform the accused that if he pleads guilty, he will waive these rights; and (8) set bail where appropriate.[5]

I concur with the majority that in this particular case, because Taylor was indicted and had bail set shortly after having been extradited to Georgia, there was no prosecutorial oversight in the failure to hold a first appearance hearing within 72 hours of his arrest. However, the language of Rule 26.1 is mandatory, and this Court's ruling today should not be misconstrued to mean that under different circumstances, a failure to hold a first appearance hearing will always be harmless error so long as an accused is later indicted. In order to avoid the needless frustration of criminal prosecution, in addition to the possibility of subjecting itself to unnecessary civil litigation, the State will do well to adhere to the mandatory language of Rule 26.1.

DECIDED JUNE 17, 1996.

Patrick John Taylor, *pro se.*
*Jack O. Partain, District Attorney,* for appellees.