A96A2392. HEFNER v. THE STATE.
(481 SE2d 599)

SMITH, Judge.

A Haralson County jury convicted James Edward Hefner on two

counts of armed robbery that arose from his 1995 holdup of the Corinth Quik Stop. On appeal, he claims the trial court erred in admitting evidence of a similar transaction and challenges the sufficiency of the evidence. We affirm.

1. In two enumerations of error, Hefner contends the evidence was insufficient to support his convictions. We apply the standard set forth in *Jackson v. Virginia*, 443 U. S. 307, 319 (99 SC 2781, 61 LE2d 560) (1979), and view the evidence with all reasonable inferences made, and all issues of weight and credibility resolved, in favor of the verdict. *Patterson v. State*, 181 Ga. App. 68, 69 (2) (351 SE2d 503) (1986).

Hefner's accomplice, Wolf, walked into the Quik Stop around 7:00 p.m. on August 28. Brandishing a sawed-off shotgun, he took money from the cash register and a ring and bracelets from the clerk. Wolf, who pled guilty to the crime, implicated Hefner as the driver of the getaway car. Although no independent witness placed Hefner at the crime scene, two witnesses reported seeing a man slouched down in the driver's seat of an older, metallic blue or silver car parked near the store at the time of the robbery. Approximately seven hours later, after another convenience store holdup, police apprehended Hefner, accompanied by Wolf, driving a car matching the witnesses' description. Inside the car police found a sawed-off shotgun, money, and the jewelry stolen from the Quik Stop's clerk. Hefner admitted to police he had been with Wolf since 7:00 p.m. but said he was too intoxicated to remember what happened.

Because only slight evidence is needed to corroborate an accomplice's incriminating testimony, the evidence that Hefner had been with Wolf at 7:00 p.m., that he was found driving a car matching one seen at the crime scene, and that he was in possession of a shotgun and items stolen from the Quik Stop sufficiently supports Wolf's testimony and the convictions. See *Ladson v. State*, 248 Ga. 470, 475 (5) (285 SE2d 508) (1981) (evidence that defendant possessed stolen goods corroborates accomplice's testimony). Under these circumstances, the jury was entitled to infer that Hefner participated in the crime. See *Norris v. State*, 220 Ga. App. 87, 89 (2) (469 SE2d 214) (1996) (presence, companionship, and conduct before and after the crime are circumstances allowing a jury to infer one's participation in the crime).

2. The similar transaction that Hefner contends the trial court erroneously admitted was a convenience store holdup that occurred in the early morning hours of August 29, 1995, moments before Hefner was arrested. The trial court admitted this crime to show Hefner's "bent of mind and course of conduct." "Absolute proof is not required that a defendant committed the offense in a similar transaction. . . . What is required is that there be evidence that the defend-

ant was the perpetrator of the independent crime and sufficient similarity or connection between the independent crime and the offense charged, such that proof of the former tends to prove the latter. Even where the defendant is not identified positively as the perpetrator of the independent crime, circumstantial proof may be used to establish his connection to it." (Citations and punctuation omitted.) *Gunter v. State*, 215 Ga. App. 517, 518 (1) (451 SE2d 108) (1994). Because Hefner provided no transcript of the pretrial hearing at which the trial court found this evidence admissible, our review is limited to the trial transcript. *Miller v. State*, 219 Ga. App. 284, 285 (2) (464 SE2d 860) (1995).

Hefner's accomplice, Wolf, testified Hefner waited outside a convenience store while Wolf threatened the cashier with a shotgun and took a bag of money. Eyewitnesses confirmed the robber left in an older-model, light-blue Chevrolet. Hefner admitted dropping Wolf off at the convenience store, and the two were apprehended moments later with the stolen bag of money. This evidence was sufficient to show Hefner participated in the crime, and the crime was sufficiently similar to be admissible. See *Ryles v. State*, 216 Ga. App. 462, 464 (1) (454 SE2d 639) (1995); see also *Williams v. State*, 261 Ga. 640 (409 SE2d 649) (1991). The trial court did not err in admitting evidence of this second holdup, which tended to prove his participation in the offense for which he was charged and which further supports the convictions.

*Judgment affirmed. Andrews, C. J., and Pope, P. J., concur.*

DECIDED FEBRUARY 12, 1997 — ▮▮▮▮▮▮▮▮

*Evan L. Stapler*, for appellant.
*James R. Osborne, District Attorney, Fred A. Lane, Jr., Assistant District Attorney*, for appellee.