## A97A0656. SANDERS v. THE STATE.
(487 SE2d 442)

RUFFIN, Judge.

A jury found Thomas Sanders guilty of selling cocaine in violation of the Georgia Controlled Substances Act. Sanders appeals, challenging the sufficiency of the evidence, certain evidentiary rulings by the court, and the court's ruling allowing him to conduct his own closing argument. We affirm.

1. Viewed in a light most favorable to support the jury's verdict, the evidence shows that in 1991, the Athens-Clarke County Drug Task Force was conducting an undercover drug operation. As part of the task force, undercover Detective Jim Armstrong visited different bars throughout Clarke County and attempted to make contact with individuals selling drugs. Armstrong testified that after meeting a suspect, he would attempt to "get him to sell to you later on down the road[,]" which Armstrong explained could be up to six months. Detective Armstrong stated that he met Sanders in January 1991 at the Night Owl Lounge through another individual, Ronnie Stone, who "was involved in the sale of cocaine." After meeting Sanders, Arm-

strong saw him at the Night Owl Lounge on a weekly basis.

The cocaine sale which is the subject of this case occurred on April 15, 1991. Detective Armstrong testified that he told Sanders he was looking for some marijuana, and Sanders responded that he could get him some cocaine. Armstrong and Sanders then walked to Armstrong's car to complete the transaction. Armstrong testified that when they arrived at the car, Sanders told him that Ronnie Stone was his source for the cocaine, then "reached into his pocket, pulled out a baggie, a plastic bag that contained at least seven half grams of cocaine. He sold [Armstrong] two of those [half grams] for one hundred dollars." Armstrong testified that after Sanders left the car, he field-tested the substance and it tested positive for cocaine. The substance subsequently tested positive for cocaine at the state crime laboratory. Detective Armstrong identified Sanders at trial as the individual who sold him the cocaine.

We find meritless Sanders' argument that Armstrong's identification testimony, which came approximately three and one-half years after the sale, was insufficient to support the conviction. The issue of whether Armstrong accurately recalled the events after this lapse of time is a matter of credibility which was properly resolved by the jury. See *Ledford v. State*, 221 Ga. App. 238 (1) (470 SE2d 796) (1996). Furthermore, the fact that Sanders was the sole eyewitness to the cocaine sale does not render the evidence insufficient. Detective Armstrong had numerous opportunities to observe Sanders and unequivocally identified him at trial as the individual who sold him the cocaine. Under these circumstances, we find that the evidence was sufficient for a rational trier of fact to find Sanders guilty beyond a reasonable doubt of selling cocaine. See id.; *Muff v. State*, 210 Ga. App. 309 (1) (436 SE2d 47) (1993).

2. Sanders asserts that the trial court erred in admitting testimony that put his character in evidence. The testimony referred to was that given by Detective Armstrong during direct examination when the assistant district attorney was asking him about meeting people in bars: "Q. Did you get to meet a lot of different people during that time? A. Yes, I met a lot of people. Ronnie Stone was one individual at the Night Owl Lounge that was — he was involved in the sale of cocaine. That's how I was able to meet Tommy Sanders, was through Ronnie Stone."

Even if we find that such testimony impermissibly placed Sanders' character in evidence by showing he associated with a drug dealer, its admission was harmless in this case. Detective Armstrong's other testimony concerning the discussion which occurred during the cocaine sale showed that Stone was Sanders' source for the cocaine. This testimony, which also showed that Sanders associated with Stone, a drug dealer, was admissible as part of the res

gestae. See *Riseden v. State*, 181 Ga. App. 453 (1) (352 SE2d 634) (1987). Accordingly, the testimony which Sanders relies on in support of this enumeration was merely cumulative of other admissible testimony. "Evidence is harmless where admissible evidence of the same fact is before the jury. [Cits.]" *Scott v. State*, 206 Ga. App. 23, 26 (1) (c) (424 SE2d 328) (1992). See also *Riseden*, supra. Accordingly, this enumeration is without merit.

3. Sanders asserts that the trial court erred in admitting evidence concerning the cocaine because the State's chain of custody evidence contained gaps. We disagree.

"A chain of custody is sufficiently established when circumstances establish a reasonable assurance of the identity of the sample. [Cit.] The State's burden is met with a showing that, with reasonable certainty, the evidence examined is the same as that seized and that there has been no tampering or substitution; where there is only a bare speculation of tampering, it is proper to admit the evidence and 'let whatever doubt remains go to its weight.' . . . [Cit.]" *Jordan v. State*, 223 Ga. App. 176, 182 (3) (477 SE2d 583) (1996).

In this case, the chain of custody evidence showed that after purchasing the cocaine, Detective Armstrong put it into a bag, stapled a completed evidence control form to the bag, and placed it in a safe. The control form contained Armstrong's name, the name of the individual he purchased the substance from, Tommy Sanders, the location of the purchase, a description of the evidence, a case number, and the chain of custody. Another task force agent, Charles Porterfield, testified that he received the evidence from George Garrison, the evidence custodian at the time, and gave it to Larry Wheeler, a forensic chemist at the crime laboratory. Porterfield further stated that only two people had access to the evidence safe, George Garrison and Jimmy Carroll. Larry Wheeler testified that after receiving the evidence from Porterfield, he put it in a locked cabinet until he tested it.

Despite Sanders' unsubstantiated speculation that the cocaine was tampered with, the above evidence established, with reasonable certainty, that the substance tested was the cocaine Detective Armstrong purchased from Sanders. See id. Furthermore, the fact that the evidence was destroyed between the time of the testing and the offer of the test results in evidence did not render those results inadmissible. *Spivey v. State*, 170 Ga. App. 196, 199 (316 SE2d 822) (1984). The trial court did not err in admitting the results.

4. In his final enumeration of error, Sanders, who was represented by trial counsel, asserts that the trial court erred in allowing him to conduct his own closing argument. We disagree.

The transcript shows that after Sanders requested the right to conduct closing argument, his trial counsel and the trial court both

warned him of the risks, and Sanders stated that he understood the risks. Furthermore, after the trial court granted Sanders' request, it required counsel to continue his representation of Sanders. See *Lazenby v. State*, 181 Ga. App. 854 (1) (354 SE2d 196) (1987) (trial court's decision to afford appellant right of self-representation and right to have counsel present was not erroneous). Finally, even if the trial court's decision had been erroneous, Sanders has not shown by the record how he was harmed by the ruling. In the absence of such a showing, and in light of the evidence presented, Sanders' assertion that the ruling "effectively sabotaged any chance for acquittal" is mere speculation and not a ground for new trial. See id. at 854-855; *Kennedy v. State*, 205 Ga. App. 152, 155 (4) (421 SE2d 560) (1992).

*Judgment affirmed. Birdsong, P. J., and Eldridge, J., concur.*

DECIDED JUNE 3, 1997.
Before Judge Stephens.
*Joel N. Shiver*, for appellant.
*Harry N. Gordon, District Attorney, John A. Pursley, Assistant District Attorney*, for appellee.