## A97A2565. CHISHOLM v. THE STATE.
(500 SE2d 14)

JOHNSON, Judge.

A jury found Theopholus Chisholm guilty of robbery, aggravated assault, felony obstruction of a law enforcement officer, attempting to elude a law enforcement officer, and driving under the influence of drugs. He appeals from the judgment entered on the jury's verdict.

Viewing the evidence in the light most favorable to the jury's verdict, the events which occurred on November 7, 1995, with regard to this case are as follows: Chisholm drove a burgundy-colored 1992 Nissan Maxima automobile bearing a South Carolina license tag to the Dixie Quick Shop, a convenience store in Lincolnton, Georgia. He purchased a pastry and a soda and left the store. Chisholm re-entered the store shortly thereafter, placed a package of cigarettes on the counter and handed the clerk two $1 bills. When the clerk opened the register to make change, Chisholm jumped on the counter, turned the register toward him and began taking money from the drawer. The clerk screamed for her co-worker and began hitting Chisholm with a broom. The co-worker ran toward the register and saw the clerk hitting Chisholm with the broom. The clerk followed Chisholm as he ran from the store and watched him enter and drive away in a burgundy car with a South Carolina tag. The co-worker called the police. Both the clerk and the co-worker identified Chisholm as the robber at trial.

A Lincolnton police officer observed a burgundy car matching the description he had received over his radio. The officer activated his blue lights and siren and tried to initiate a stop. Although Chisholm

did not immediately respond, he finally stopped his car. The officer told him to get out of the car with his hands raised and to lie on the ground. Chisholm got on the ground, but then got up and began walking toward the officer, dropping his hands to his sides as he walked. Chisholm did not respond to the officer's command to put his hands up. The officer then warned Chisholm to stop or he would shoot. Chisholm turned around, walked back to his car, got in and sat in the driver's seat. When another officer arrived and got out of his car, Chisholm put his car in gear and accelerated toward the officer. As the officer jumped to get out of the way, the car struck one of his legs and pushed him backwards. The officer recovered his balance and dove toward Chisholm through the driver's side window, hitting him with his gun. The officer let go of the moving car as Chisholm drove off. The officer fired a shot at the tire, but missed.

The officer returned to his patrol car and, with blue lights and siren activated, gave chase. Chisholm drove at speeds which the officer estimated at 90 to 100 mph, at times exceeding 100 mph. The officer saw a large object thrown from Chisholm's car. The object, later recovered, was a green jacket identified by the store clerk as being identical to the jacket worn by the perpetrator of the robbery. Eventually Chisholm lost control of his car on a sharp curve. The car went down an embankment and struck a tree. The police found Chisholm standing next to his car. He was placed in custody. Chisholm was then taken to a local hospital for an examination. After being apprised of his informed consent rights, he agreed to have blood drawn. The blood sample tested positive for cocaine. The following afternoon, after being given his *Miranda* rights, Chisholm gave a statement to police in which he admitted he was under the influence of crack cocaine the night of the robbery. He told police that, as a result of the crack cocaine, he saw things flying out of cars and trucks, did not remember any details of the robbery, and could not say whether he committed the robbery.

1. The trial court did not err in allowing the following evidence as a similar transaction: The clerk of a convenience store in Greenwood, South Carolina, testified that Chisholm came into the store one night during the winter of 1994. He purchased a soft drink, after which he left the store and milled around outside waiting for other customers to leave. As the last customer left the store, Chisholm re-entered and asked for change. When the clerk opened the cash register, Chisholm reached over the counter and began grabbing money out of the drawer. The clerk screamed for her co-worker, and Chisholm ran from the store. The clerk testified that, despite the fact that Chisholm was wearing a cap and sunglasses at the time of the robbery, she saw his face and identified him at trial. This evidence satisfies the requirements for admissibility set forth in *Williams v.*

*State*, 261 Ga. 640, 642 (409 SE2d 649) (1991). See *Hefner v. State*, 224 Ga. App. 612, 613-614 (2) (481 SE2d 599) (1997).

2. Chisholm requested a limiting instruction prior to the introduction of the similar transaction evidence, and he took exception to the limiting charge as given. He asserts that the trial court's failure to give an adequate limiting instruction was error, and we agree. "[I]n cases where the trial court has conducted the requisite preliminary hearing and thereafter determined that similar transaction evidence will be admitted at trial for a specified limited purpose, it is incumbent upon the trial court to instruct the jury, preferably at the time the evidence is introduced and in its general charge to the jury, regarding the fact that the accused is not on trial for any prior acts and that such acts are only to be considered for that specified limited purpose and not for any other purpose. Additionally, immediately after so instructing the jury, it is incumbent upon the trial court to further instruct the jury that before it can consider any prior act for the limited purpose specified, it should first determine whether the accused actually committed the prior act, and if so, whether the act was similar enough to the crime with which the accused is now charged so that proof of the prior act in light of the limited purpose for which it was introduced tends to prove the latter crime. [Cit.]" *Belt v. State*, 227 Ga. App. 425, 428 (489 SE2d 157) (1997).

Prior to the introduction of the similar transaction evidence in this case, the trial judge asked the prosecutor to state her purpose in seeking to introduce the evidence. She replied that the testimony was being offered to show motive, identity, course of conduct, common scheme, and bent of mind of the defendant. The court then simply stated, "I would now instruct the jury that being your purpose that it would only be admissible for the purpose stated by counsel." The trial court's instruction did not inform the jury that Chisholm was not on trial for the previous incident nor explain that before the jury could consider any prior act it should first determine whether Chisholm actually committed the prior robbery, and if so, whether the act was similar enough to this crime so that proof of the prior act, in light of the limited purpose for which it was introduced, tended to prove the latter crime. In this case, Chisholm requested a limiting instruction and properly preserved his objection to the abbreviated limiting instruction for review. Thus, the controversial aspect of *Belt*, supra, is absent.

*Belt* requires trial courts, even in the absence of a specific request,[1] to fully instruct juries, in cases where similar transaction

---

[1] We note that the Supreme Court of Georgia has granted certiorari in *Belt*, indicating a desire to address the question whether this Court erred in holding that the limiting instruction must be given even where such an instruction is not requested.

evidence is involved, regarding the limited purposes for which such evidence may be considered and with regard to the factual matters that must be resolved in determining the import, if any, to be placed on the evidence. Id. While the holding in *Belt* acknowledged that it was preferable that full instructions regarding the above be given both before the introduction of any similar transaction evidence and in the general charge, it does not mandate that such instructions be given on both occasions. Instructing the jury on either occasion is sufficient because, after such instruction, the jury has all it needs to appropriately evaluate the evidence and determine the extent to which the evidence should play a role in the jury's determination of a defendant's guilt or innocence.

Nonetheless, in this case, the trial court never fully instructed the jury regarding the factual matters that must be resolved before any similar transaction evidence could be considered by the jury in reaching its verdict. Specifically, the trial court never instructed the jury that before taking into consideration any of Chisholm's prior acts, it must first determine if such acts were similar enough to the crime with which Chisholm presently was charged, that proof of the prior acts, in light of the limited purposes for which they were introduced, tended to prove the latter crime. *Belt*, 227 Ga. App. at 428 (1). Absent the above-mentioned full instruction, our holding in *Belt* mandates a finding of harmful error because such instruction "is *necessary* in the interest of justice." (Citations and punctuation omitted; emphasis in original.) Id. at 427. Therefore, we disagree with the dissent's position that any error in failing to give the required limiting instructions in cases like this may be rendered harmless upon consideration of all the evidence. And to the extent cases like *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994), support such a position, we believe that they have been implicitly overruled by the holding in *Belt*, and thus, that the dissent's reliance on them is misplaced.

In both *Hinson v. State*, 229 Ga. App. 840 (494 SE2d 693) (1997), and *Luke v. State*, 230 Ga. App. 712 (497 SE2d 376) (1998), this Court said: "Under the controlling authority of the recent whole court decision in *Belt v. State*, the trial court committed reversible error in failing to give, sua sponte, a limiting instruction *contemporaneous* with the admission of extrinsic acts or similar crimes evidence."[2] (Emphasis supplied.) Inasmuch as the trial court in the instant case did not give the proper limiting instruction either contemporaneously with the admission of the similar transaction evidence or at any other

---

[2] This language also appears in the case of *Jackson v. State*, 230 Ga. App. 292, 298 (12) (496 SE2d 315) (1998).

time, we need not address whether *Hinson* and *Luke* merely misread *Belt* or expanded the holding in *Belt* by adding the requirement that the limiting instruction *must* be given contemporaneously. As noted earlier herein, however, the better practice would be to give the instruction contemporaneously with the admission of the similar transaction evidence and again as part of the trial court's final instructions to the jury, for all the reasons set forth in Judge Beasley's special concurrence in *Belt*.

For these reasons, Chisholm's conviction is reversed and the case remanded for a new trial.

We address the following enumerations of error as they raise issues which may recur upon retrial of the case.

3. Chisholm challenges the racial composition of the array of the traverse jury, contending the jury list, as compiled by the Jury Commissioners of Lincoln County, was disproportionate to the official registered voters' list of the county and did not contain a fairly representative cross section of the citizens of the county. Having failed to establish any flaw in the method by which Lincoln County creates its traverse jury venire, however, Chisholm has failed to carry his burden of showing purposeful discrimination. The trial court did not err in denying his challenge to the array of the jury. See *Hansley v. State*, 267 Ga. 48, 49 (2) (472 SE2d 305) (1996); *Jewell v. State*, 261 Ga. 861, 863 (3) (413 SE2d 201) (1992); *Adefenwa v. State*, 221 Ga. App. 429, 433-434 (3) (b) (471 SE2d 900) (1996); *Truitt v. State*, 212 Ga. App. 286, 287 (441 SE2d 800) (1994).

4. Chisholm asserts the trial court erred in denying his motion to suppress the in-court identification made by the store clerk because there was a substantial likelihood of misidentification. This enumeration of error generally is raised in the context of an out-of-court identification which an appellant asserts was unduly suggestive, thereby tainting the in-court identification. Chisholm's argument here, however, appears to be that the store clerk's testimony, which he characterizes as "inconsistent," creates a substantial likelihood of misidentification. We disagree. "The factors to be considered in evaluating the likelihood of misidentification include the opportunity of the witness to view the criminal at the time of the crime, the witness' degree of attention, the accuracy of the witness' prior description of the criminal, the level of certainty demonstrated by the witness at the confrontation, and the length of time between the crime and confrontation." (Citations and punctuation omitted.) *Jenkins v. State*, 215 Ga. App. 540, 542 (2) (451 SE2d 457) (1994).

The store clerk testified that she "looked at [Chisholm] pretty good" the first time he came into the store and made a purchase. After seeing him a second time, hitting him with the broom and chasing him out of the store, she testified that "I knew if I saw that face

again I would recognize it." The fact that her knowledge of Chisholm's looks was passive (she would know the face if she saw it) rather than active (she could not affirmatively describe his features) does not render her identification of Chisholm inadmissible. It merely creates an issue of witness credibility to be explored by the defense on cross-examination and to be ultimately determined by the jury. In this case the witness' identification of Chisholm was based on her opportunity to observe him at the time of the crime. In applying the totality of the circumstances test, we find no substantial likelihood of misidentification and conclude the trial court did not abuse its discretion in denying Chisholm's motion to suppress. See generally *Sanders v. State*, 226 Ga. App. 650, 651 (1) (487 SE2d 442) (1997).

5. Chisholm argues the trial court erred in denying his motion to exclude a statement made to police because his detention was illegal. Specifically, Chisholm contends he was not brought before a judicial officer within 48 hours of his warrantless arrest or within 72 hours of the issuance of warrants. See Uniform Superior Court Rule 26.1; OCGA §§ 17-4-26; 17-4-62; *County of Riverside v. McLaughlin*, 500 U. S. 44 (111 SC 661, 114 LE2d 49) (1991). The Supreme Court of Georgia has decided this issue adversely to Chisholm. "The sanction for violating [OCGA § 17-4-62] is that the defendant shall be released. However, noncompliance with this provision does not require suppression of the evidence gathered in the interim. [Cit.] We decline to extend the exclusionary rule as a sanction to enforce OCGA § 17-4-62." *Battle v. State*, 254 Ga. 666, 672 (3) (333 SE2d 599) (1985). See also *Taylor v. Chitwood*, 266 Ga. 793 (471 SE2d 511) (1996); *Dollar v. State*, 161 Ga. App. 428, 430 (4) (288 SE2d 689) (1982). The trial court did not err in refusing to suppress Chisholm's statement.

6. Chisholm asserts the trial court erred in denying his plea in abatement, which was premised upon his argument that the indictment against him should have been quashed because no preliminary hearing was held prior to the Grand Jury's return of the indictment against him. "The purpose of a commitment hearing is simply to determine whether there is probable cause to believe the accused guilty of the crime charged, and if so, to bind him over for indictment by the grand jury. OCGA § 17-7-23. A preliminary hearing is not a required step in a felony prosecution and once an indictment is obtained there is no judicial oversight or review of the decision to prosecute because of any failure to hold a commitment hearing." (Citations and punctuation omitted.) *State v. Ruff*, 176 Ga. App. 303, 304 (335 SE2d 687) (1985).

In this case, the prosecutor requested a continuance of Chisholm's preliminary hearing to accommodate his trial schedule.

Before a rescheduled hearing could be conducted, the Grand Jury returned the indictment. Despite Chisholm's admiration for the position expressed in Judge (now Chief Justice) Benham's special concurrence in *Ruff*, we are, as was he, bound by precedent. The denial of the plea in abatement was not error.

7. The trial court did not err in admitting money with fresh blood on it which was found in the trunk of Chisholm's car at the time of his arrest. "Admissibility of evidence is a matter which rests largely within the discretion of the trial court; unless the potential for prejudice in the admission of evidence substantially outweighs its probative value, the Georgia rule favors the admission of any relevant evidence no matter how slight its probative value. Evidence of doubtful relevancy or competency should be admitted and its weight left to the jury; where evidence is offered and objected to, if it is competent for any purpose, it is not erroneous to admit it." (Citations omitted.) *Campbell v. State*, 215 Ga. App. 14, 16 (2) (449 SE2d 366) (1994). Money was taken from the cash register of the Dixie Quick Shop, and a package of Kool cigarettes was purchased. A package of Kool cigarettes and various currency were found in the trunk of the car. Whether the currency was the same currency taken from the store in the robbery was a question for the jury, and the trial court did not err in admitting it.

On the other hand, Chisholm was not charged with any crime involving the use of a knife which was found on him at the time of his arrest and which was admitted into evidence over objection. "If evidence is relevant and material to an issue in a case, it is not inadmissible because it incidentally puts the defendant's character in issue." (Citations and punctuation omitted.) *Campbell*, 215 Ga. App. at 16 (2). However, the knife was not relevant or material to any issue being tried in this case, and therefore its admission was error. Whether the error was harmless in the context of this case, however, need not be reached in light of our ruling in Division 2.

8. The evidence was sufficient under the standard of *Jackson v. Virginia*, 443 U. S. 307 (99 SC 2781, 61 LE2d 560) (1979), to support the convictions.

9. The grounds asserted in Chisholm's final enumeration of error, that he was denied a fair trial in violation of the Fifth Amendment of the United States and Georgia Constitutions, are cumulative of issues discussed above.

*Judgment reversed and case remanded. Pope, P. J., Beasley and Smith, JJ., concur. Andrews, C. J., McMurray, P. J., and Senior Appellate Judge Harold R. Banke dissent.*

Judge Harold R. Banke, dissenting.

I respectfully dissent as to Division 2 because the evidence of

Chisholm's guilt was so overwhelming that any error was rendered harmless beyond a reasonable doubt. *Stephens v. State*, 261 Ga. 467, 469 (6) (405 SE2d 483) (1991) (analyzing error in admission of similar transaction evidence for harmless error); *Howard v. State*, 215 Ga. App. 342, 344 (2) (450 SE2d 824) (1994) (the erroneous admission of similar transaction evidence may be harmless).

Notwithstanding the majority's assertion to the contrary, *Belt v. State*, 227 Ga. App. 425 (1) (489 SE2d 157) (1997) (cert. granted), does not preclude the application of harmless error analysis to similar transactions. *Belt* never mentioned that issue. Moreover, *Belt* failed to garner a majority and therefore is not binding precedent. Court of Appeals Rule 33 (a). Thus, *Belt* did not and could not implicitly overrule *Howard*, 215 Ga. App. at 344 (2), or the long line of cases applying harmless error analysis to similar transaction issues. Id.; see, e.g., *Jones v. State*, 226 Ga. App. 721, 724 (1) (487 SE2d 618) (1997); *Tam v. State*, 225 Ga. App. 101, 102-103 (2) (483 SE2d 142) (1997); *Morris v. State*, 212 Ga. App. 779, 780 (1) (442 SE2d 792) (1994); *Higginbotham v. State*, 207 Ga. App. 424, 427 (4) (428 SE2d 592) (1993); *Little v. State*, 202 Ga. App. 7, 8 (1) (413 SE2d 496) (1991). Even more perplexing, the majority ignores Supreme Court authority applying harmless error analysis to similar transaction issues. *Stephens*, 261 Ga. at 469 (6); see *Ragan v. State*, 264 Ga. 190, 192 (3) (442 SE2d 750) (1994).

Here, the evidence of Chisholm's guilt can only be described as overwhelming. Chisholm entered the store twice, and both the clerk and her co-worker clearly identified him as the robber. The officers who chased and finally apprehended Chisholm clearly observed his actions. In fact, after Chisholm drove his car into one of the officer's legs, that officer dove into Chisholm's window in an attempt to grab the car keys. The officers personally witnessed Chisholm driving under the influence, attempting to elude, and committing aggravated assault on and obstruction of law officers. They positively identified him as the perpetrator. Moreover, Chisholm confessed that the cocaine he used on the night of the offenses so blurred his perceptions that he could not say whether he committed the robbery. Under these circumstances, reversal is inappropriate due to the high probability that the error did not contribute to the guilty verdict, particularly as to the felony obstruction charge. *Ragan*, 264 Ga. at 192 (3); *Bowdry v. State*, 211 Ga. App. 626, 627 (1) (440 SE2d 59) (1994). " 'Justice is not served by reversing criminal convictions when error is harmless — an accused is entitled only to a fair trial, not a perfect one.' [Cit.]" *Ross v. State*, 195 Ga. App. 624, 627 (4) (394 SE2d 418) (1990).

I am authorized to state that Chief Judge Andrews and Presiding Judge McMurray join in this dissent.

DECIDED MARCH 13, 1998 —
RECONSIDERATION DISMISSED APRIL 1, 1998 

*Ross, Wallace & Hammond, John C. Hammond, T. Brittan Hammond*, for appellant.

*Dennis C. Sanders, District Attorney, Michael E. Eberhardt, William L. Hale, Assistant District Attorneys*, for appellee.