## A99A1648. BLAYLOCK v. THE STATE.
### (529 SE2d 203)

RUFFIN, Judge.

Jeffrey Blaylock was convicted of selling cocaine. He appeals, contending that the trial court erroneously allowed the State to present evidence that a crack cocaine pipe was found on his person at the time of his arrest. Because such evidence was admissible, we affirm.

Todd Henderson, a narcotics officer with the Cobb County Police Department, testified that he was working undercover with a confidential informant on March 6, 1997, when Blaylock approached his car on a bicycle and asked him what he needed. Henderson said that he needed "a twenty," and handed Blaylock a $20 bill. Blaylock then gave Henderson a piece of crack cocaine. After Henderson and the informant left the scene, Henderson contacted other officers, who arrested Blaylock. When he was arrested, Blaylock was carrying a

---

metal tube wrapped with duct tape, which Henderson and another officer testified was commonly used to smoke crack cocaine.

Blaylock denied that he was the person who sold the cocaine to Henderson. He claimed that a man came up to him outside a liquor store and said that he had just sold something to an undercover officer. This man asked Blaylock to hold his bike and then went into the store. When he was questioned at trial about the crack pipe, Blaylock stated that "I didn't realize it was in my pocket. I just put them pants on and it was in my pocket. I borrowed some pants that morning from a guy." He then admitted that it was his pipe, that he used it to smoke crack, and that it had been found in his jacket pocket.

Blaylock contends that because he was not charged with possession of a crack pipe, evidence regarding the pipe was irrelevant and constituted inadmissible character evidence.[1] This contention is without merit. Our Supreme Court has held that "all the circumstances connected with [a defendant's] arrest [are considered] proper evidence to be submitted to the jury to be weighed by [it] for what they are worth."[2] Applying this rule, the Supreme Court held in *State v. Luke* that in a prosecution for burglary, evidence that a pistol and a bottle of pills were found on the defendant at the time of his arrest was admissible.[3] The Supreme Court recently reaffirmed this rule in *Miller v. State*,[4] where the police found marijuana in Miller's pocket when they arrested him for committing a burglary in which the homeowner died of a heart attack. Miller was charged with felony murder, burglary, and misdemeanor possession of marijuana. Applying the rule that "[e]vidence of the circumstances of a defendant's arrest is admissible in the trial of the charge for which he was arrested," the Supreme Court held that severance of the felony and misdemeanor marijuana charges was not required because the marijuana would have been admissible in the trial of the felonies.[5]

---

[1] Blaylock filed a motion in limine to exclude such evidence because he was not charged with possession of a crack pipe but did not specifically assert that it improperly placed his character into issue. At one point during his colloquy with the trial court, Blaylock's attorney appeared to concede that the pipe would be admissible in certain circumstances, although the court did not interpret the attorney's comment as an abandonment of the motion. Rather, the court ruled that the evidence was admissible as a circumstance surrounding the arrest. Because of our ruling below, we need not consider whether Blaylock's objection was specific enough to preserve the character issue for appeal or whether the objection was waived.

[2] (Punctuation omitted.) *State v. Luke*, 232 Ga. 815, 816 (209 SE2d 165) (1974). See also *Bixby v. State*, 234 Ga. 812, 813-814 (1) (218 SE2d 609) (1975); *Clements v. State*, 226 Ga. 66 (1) (172 SE2d 600) (1970).

[3] *State v. Luke*, supra.

[4] 270 Ga. 741, 743-744 (3) (512 SE2d 272) (1999).

[5] Id. at 744 (3).

This Court, in applying the rule, has held that

> [a]rticles found in the control of the defendant at the time or near the time of arrest are admissible as circumstances connected with the arrest of the defendant. Surrounding circumstances constituting part of the res gestae may always be shown to the jury along with the principal fact, and their admissibility is within the discretion of the trial court. All circumstances surrounding an arrest are admissible for whatever value the jury desires to place on them.[6]

Apart from the mere fact that it was discovered in connection with Blaylock's arrest, evidence of the pipe was relevant to the issues involved in the trial. In *Kirk v. State*, we held that evidence that a crack pipe was found in the defendant's car was admissible to show the defendant's motive for committing an armed robbery — "i.e., a need for money to buy crack."[7] In *Jones v. State*,[8] where the defendant was charged with possession of cocaine with intent to distribute, we held that urinalysis results showing the presence of cocaine in the defendant's system were "admissible as part of the res gestae and as circumstantial evidence that he was involved in drug activity." In so holding, we noted that

> [t]he state is entitled to present evidence of the entire res gestae of the crime. Even though a defendant is not charged with every crime committed during a criminal transaction, every aspect of it relevant to the crime charged may be presented at trial. This is true even if the defendant's character is incidentally placed in issue.[9]

Evidence regarding the crack pipe was relevant to show that Blaylock was involved in drug activity at the time of his arrest and was particularly material in light of his denial that he had anything to do with the drug transaction at issue. Accordingly, the trial court did not err in allowing evidence regarding the pipe.[10]

---

[6] (Citations and punctuation omitted.) *Kirk v. State*, 210 Ga. App. 440, 443 (1) (436 SE2d 553) (1993). See also *Fuqua v. State*, 183 Ga. App. 414, 419 (1) (c) (359 SE2d 165) (1987).

[7] *Kirk v. State*, supra.

[8] 207 Ga. App. 46, 47 (1) (427 SE2d 40) (1993).

[9] (Citation and punctuation omitted.) Id.

[10] In *Chisholm v. State*, 231 Ga. App. 835, 841 (7) (500 SE2d 14) (1998), cited by Blaylock, we held that the trial court erred in allowing evidence of a knife found on Chisholm when he was arrested shortly after robbing a convenience store. We noted that Chisholm was not charged with any crime involving use of the knife and held that the knife was not relevant or material to any issue in the trial. Id. However, *Chisholm* did not discuss

*Judgment affirmed. Andrews, P. J., and Ellington, J., concur.*

DECIDED FEBRUARY 2, 2000.

*Frederick M. Scherma,* for appellant.
*Patrick H. Head, District Attorney, Debra H. Bernes, Irvan A. Pearlberg, Assistant District Attorneys,* for appellee.

the many cases in which the Supreme Court and this Court have held that all circumstances surrounding a defendant's arrest are admissible. *Chisholm* appears to be in conflict with these cases, particularly the Supreme Court's subsequent decision in *Miller* that marijuana found on the defendant at the time of his arrest would be admissible in the defendant's trial for felony murder and burglary. *Miller,* supra. Nevertheless, it is not necessary to overrule *Chisholm* in this case, as the crack pipe was relevant and admissible apart from the simple fact that it was discovered in connection with Blaylock's arrest.